Charles Voyed HARRELSON, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–81–736CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 27, 1983.

Robert Tarrant, Houston, for appellant.

James Brough, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and ROBERTSON, JJ.

ROBERTSON, Justice.

The conviction is for possession of a firearm by a felon; the jury rejected the plea of not guilty and assessed the maximum punishment. Issues in this appeal are contentions of a violation of privileged communications between appellant and his counsel, and identity of the confidential informant referred to in the affidavit for search warrant. We affirm.

While appellant does not contest the sufficiency of the evidence, a very brief review of the salient facts will be helpful. An affidavit for a search warrant was made and the warrant issued at 2:00 o'clock a.m. on February 1, 1980, to search for and seize a "Colt 38 caliber revolver, model Diamond Back, Serial # D93264, stolen from Gib-son's # 2, G.R. McMurry, Dallas County, Texas, on or about July 1, 1979." The pistol was alleged to be in a "1979 black vinyl top over black body Lincoln Continental, 2 door bearing Texas License TZC 887" controlled by appellant. Officers located the automobile and kept it under surveillance until approximately noon on February 1 when they arrested appellant, after observing him enter the automobile and depart the premises. When they searched the automobile, the officers found a Remington 870 twelve gauge shotgun with a folding stock, a Colt Cobra .38 caliber revolver, a Colt Diamond Back .38 caliber revolver, a Colt Python .357 magnum caliber revolver, and a .300 Weatherby magnum rifle with scope. Appellant's defense was he lacked knowledge that the weapons were in his automobile and that they were placed there by either the law enforcement agents or someone else without his knowledge.

■ Appellant's first three grounds of error concern an alleged violation of his attorney-client privilege. In his first ground appellant asserts the trial court erred in denying his motion to dismiss the indictment. In response to a hearing on appellant's motion, it was established that as a result of an "on-going" federal investigation, a federal district judge signed an order on November 3, 1980, valid for 30 days, authorizing the interception of appellant's conversations in the Harris County jail. A similar 30-day order was signed by the same judge on December 10, 1980. On that day, two of appellant's attorneys (who represented appellant both in the trial court and on this appeal) visited appellant in the "attorney's booth" in the Harris County jail for a short period of time. After they departed, appellant's step-daughter visited him in the same attorney's booth (although unlike a visit with his attorneys, appellant was separated from his step-daughter by a wire mesh and glass partition). During this visit appellant discovered a tape recorder, which was then operating, under the ledge on his side of the booth; his step-daughter also discovered a tape recorder on her side. Appellant removed the recorder from his

side, and it was taken from him by Harris County jail personnel who returned it to the federal agents. Representatives of the federal government refused to reveal the content of the tapes because such disclosure would have been in violation of federal law. The evidence showed the interception orders had been sealed on order of the federal district judge and were on file in the federal district clerk's office.

■ Appellant argued both in the trial court and on appeal that the conversation between him and his counsel must have been released to state agencies because new indictments were issued which corrected defects he and his counsel had discussed at the jail. However, the prosecutor testified he never received any information from the alleged recording; other state law enforcement agents testified they had not received any such information; and the federal agents denied disclosing any of the recorded conversations to anyone. Both appellant and the state cite the case of *United States v. Morrison,* 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981). In that case the accused sought to dismiss an indictment because law enforcement agents violated her right to counsel. The district court denied the motion, the circuit court reversed the district court, only to be reversed by the Supreme Court, which appropriately stated:

[A]bsent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate. . . . The remedy in the criminal proceeding is limited to denying the prosecution the fruits of its transgression.

While the charge of violation of the attorney-client privilege is a serious one, and we do not take it lightly, we must, as in any other fact situation, accept the record as it comes to us. This record shows:

(1) the investigation of the offense for which appellant was prosecuted had been completed some ten or so months prior to the alleged invasion of the attorney-client privilege;

(2) the case had been set on the court's docket on four different dates for hearings on defense motions between the return of the indictment on February 15, 1980, and April 25, 1980. On the latter date the case was set for trial on July 7, 1980, but appellant failed to appear for trial and his bond was forfeited;

(3) there was an "on-going" investigation of appellant by authorities of the federal government and in furtherance thereof, two separate orders to intercept appellant's oral communications had been signed by a federal district judge;

(4) the attorneys for appellant were not the attorneys for appellant in the "on-going" investigation by federal authorities;

(5) there is *absolutely no evidence* that any of the conversations between appellant and his attorneys on this case were intercepted;

(6) even if such conversations had been intercepted there is *absolutely no evidence* that the content of such conversations was disseminated in any manner to any state authorities prosecuting appellant in this matter;

(7) even if such conversation had been disseminated to the state authorities charged with the prosecution of appellant in this case, there is *absolutely no evidence* that such "fruits" were utilized in any manner;

(8) finally, 18 U.S.C. 2518(8)(d) grants the judge issuing interception orders the authority to disclose under certain circumstances. There is no showing appellant ever sought any relief from the judge who had ordered the records sealed and filed in the federal district clerk's office. The state district court did not have the jurisdiction to order such records produced.

There is simply no error about which appellant may complain in this proceeding. His first ground of error is overruled.

■ Closely related to the above contention is appellant's second ground of error which complains of the court's failure "to continue the hearing and trial in absence of the tape recordings of conversations between appellant and counsel to accurately

determine whether or not information obtained from those conversations had been disclosed to the state agencies involved in the prosecution of the case." We sustain the state's challenge to our consideration of this ground of error under authority of Tex.Code Crim.Pro.Ann. art. 40.09 § 9 (Vernon Supp.1982–1983). Following the denial of the motion to dismiss the indictment on April 22, 1981, the trial court continued the case so that "the Defense will be given an opportunity to feel [sic, i.e., appeal] this court's ruling on this point before we proceed to trial in this case." (Of course, there is no provision for an interlocutory appeal from the denial of a motion to dismiss). The state's brief asserts this continuance was not requested by appellant and the statement of facts so indicates; however, the transcript reveals a "Motion to Prohibit Prosecution" filed by appellant on January 19, 1981, was granted on April 22, 1981. In granting the motion the court ordered "the State is prohibited from prosecuting . . . [this case] until such time as the State comes forward with the requisite evidence to determine the issues presented in *Defendant's Motion to Conduct an Evidentiary Hearing Prior to Trial Date.*" Be that as it may, on August 3, 1981, the state subsequently filed a written request that the case be set for trial, which was apparently granted and the case was called for trial on October 19, 1981. Appellant filed no further motions for continuance and announced ready for trial. It is clear, and appellant so stated on the record, his position throughout was that the "only proper remedy is to dismiss the indictment." Since appellant offered no objection when this case was finally called for trial some twenty months after the return of the indictment, he is in no position to now complain of the failure of the court to further continue it. It is a fundamental rule that an objection made in the trial court must be the same as the objection urged on appeal. Because his objection on appeal is being raised for the first time, appellant's second ground of error is not properly before us for review and is overruled.

■ In his third ground of error appellant complains of the failure of the court to require federal government witnesses "to answer questions material to the issue of the recordings of attorney-client conversations discussing trial strategy and preparations." We likewise sustain the state's challenge to our jurisdiction to consider this ground of error because it is not set out in such manner as to "refer to that part of the ruling of the trial court . . . which are designated to be complained of in such way so that the point of objection can be clearly identified and understood by the court." Tex.Code Crim.Pro.Ann. art. 40.09 § 9 (Vernon Supp.1982–1983). As appellant points out in his brief, he filed a "motion for an evidentiary hearing" and a "motion for production of the tapes of the recorded conversations and related information, recorder and documents and 'any orders' directing the placement of the recorders in the attorneys booth at the jail." The court *granted* both motions. A lengthy hearing was held. The 272 page record of this hearing is disjointed and most confusing. Since the court granted his written motions, it is incumbent on him to direct our attention to those portions of the record where he makes a specific complaint which supports his ground of error. The four references to the record made by appellant simply do not support his ground of error. Even though this court is not "required to hunt through a voluminous record to find evidence" about which appellant claims error, we have done so in this instance and we are unable to find it. It is the duty of counsel for both sides to develop the record in such fashion that the issues are clearly presented to the appellate court. Such has not been done in this case and we hold appellant's third ground of error has not been properly preserved and is overruled.

Appellant's fourth, fifth and sixth grounds of error arise as a result of his efforts to learn the identity of the informant supplying the information made the basis for the search warrant. First, he contends the court erred in denying his motion to produce the informant.

As stated previously, a search warrant was issued in Harris County on February 1, 1980. The probable cause portion of the affidavit reads as follows:

AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS: Affiant, G.M. Taylor, has talked to a reliable and credible informant on January 31, 1980, who stated to affiant that in the last twenty-four hours he had observed in the above referenced vehicle three firearms, one of which was the above described .38 caliber revolver, bearing the above reference serial number. Further, Affiant has checked with the National Crime Information Center through the Texas Department of Public Safety teletype which identified the above described revolver as being stolen on July 1, 1979, in Dallas County, Texas in Dallas Police Department Case No. 00301164K. Further affiant talked to Assistant District Attorney W.J. Eggleston who told affiant that he had talked to the Dallas Police Department Officers who advised him that that above referenced and described revolver of value of over two hundred dollars and under two thousand dollars were stolen from Gibson's Department Store # 2, G.R. McMurry, Dallas County, Texas between July 1, 1979 and July 11, 1979, without the owner's effective consent. Further said informant stated to affiant that the above referenced vehicle belonged to and was registered to the defendant who resided in Dallas County, Texas. Further, affiant has talked to Department of Public Safety Officers on January 31, 1980, who told affiant that they observed the defendant operating said vehicle in Harris County, Texas at approximately 11:00 P.M. January 31, 1980, and that they have talked to Houston Police Department Officers who stated that they observed the defendant operate said vehicle prior to January 31, 1980.

Appellant argues that since the informant stated he had seen the described pistol in the automobile within the last 24 hours, that he did not state appellant was then possessing the pistol, that appellant had been in Dallas during the time the informant stated he had seen the pistol, and that in order for one to read the serial number on the pistol he would have to either "open the chamber or remove the grips on the handle," the informant was so much a party to the offense that it was necessary to have him testify who was in possession of the pistol when he saw it in appellant's automobile. We disagree. The evidence shows the pistol described in the affidavit for search warrant was found in plain view on the floorboard between the front seat and the accelerator under appellant's legs and feet. By appellant's own testimony he left Dallas on January 27, 1980, in the Lincoln automobile. When he arrived in Houston he unloaded his clothes and placed them in the home of his friend, Hampton Robinson. Robinson then took him to the airport in the Lincoln, and appellant returned by plane to Dallas, leaving his automobile with Robinson. He stated he returned to Houston on January 31st, that Robinson and another person picked him up at the airport in his Lincoln, and that he dropped them off at Robinson's car lot and he, appellant, proceeded on to Robinson's apartment. Later that night he drove his automobile to a nearby convenience store to use a telephone. He returned to the apartment after about 20 minutes and spent the night. The next morning he placed his clothes back in his car, departed, and was arrested. Also, as stated previously, he denied knowledge of the presence of any of the weapons found in the automobile.

While maintaining that the informant's identity need not be revealed, the prosecutor offered to produce him for an in-camera meeting with the judge so the judge could "determine [for himself] if in fact he was a material witness in this case." Appellant's counsel readily accepted the offer, stating:

That would be—uh—that would be sufficient with me, Your Honor. I'm not trying to find out who it is. I believe him very important to the Defense but I would completely rely on the Court's judgment to question him and find out if

he is a relevant witness for the Defendant.

The record reflects the judge subsequently talked with the person purporting to be the informant; that he seemed to have sufficient knowledge of the circumstances to have been the informant; and that none of his answers indicated his identity was discoverable under the law.

It is well settled that the identity of an informant need not be disclosed unless he participated in the offense, was present at the time of the offense or arrest, or was otherwise shown to be a material witness to the transaction or as to whether the accused knowingly committed the offense charged. *Etchieson v. State,* 574 S.W.2d 753 (Tex.Cr. App.1978), *cert. denied,* 440 U.S. 936, 99 S.Ct. 1282, 59 L.Ed.2d 495 (1979). Under the facts shown by this record as outlined above, appellant was not entitled to disclosure of the identity of the informant. Appellant's fourth ground of error is overruled.

In his fifth and sixth grounds of error, respectively, appellant complains because (1) he was not permitted to submit questions to be asked to the informant by the judge and (2) the court did not make a record of such interview so it could be sealed and forwarded for appellate review. Appellant made neither request until after the judge's interview with the informant had been concluded and the hearing on appellant's motion resumed. Appellant cannot now be heard to complain of the failure of the court to take action he failed to request. His fifth and sixth grounds are overruled.

The judgment is affirmed.