IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-247-CR




PATRICK HEANEY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 105,884, HONORABLE JON N. WISSER, JUDGE


 





PER CURIAM

 A jury found appellant guilty of possessing less than twenty-eight grams of
methamphetamine, a controlled substance, with intent to deliver. Tex. Health & Safety Code
Ann. § 481.112 (West 1992). The district court assessed punishment, enhanced by a previous
felony conviction, at imprisonment for twenty-nine years.

 In early September 1990, Austin police officer John Nelson was told by a reliable
informer that appellant was selling methamphetamine from his car in parking lots. On the
afternoon of September 11, Nelson, his partner Edwin Booth, and other officers began watching
the house on Westover Drive in which appellant was living with a woman friend. From this
house, the officers followed appellant as he drove to a nearby shopping center and parked. Booth
described what happened then:



 Well, we pulled in behind him and was sitting back a few rows. We was
watching him and then I noticed that he kept looking around, being real -- looked
like he was kind of nervous.


 He kept looking down towards his lap and leaning over between -- he was
sitting in the driver's seat and he was leaning over towards the passenger seat. He
would go down and he did that several times and then he would come up and look
all around. So, we was watching him and then all of a sudden I saw this white car
pull in the parking lot and park probably forty feet from him.


 And when he did I saw Mr. Heaney kind of turn around and look towards
the back and looked like he was looking at the guy. So, the guy walks over. It
was a white male driving I think it was an '89 Oldsmobile. Walks over to Mr.
Heaney's car, gets in the front passenger seat of Mr. Heaney's vehicle and while
they were sitting there it looked like Heaney is showing him something.


 From the back you could see Heaney doing this, (indicating), and the other
guy leaning over looking down in like this, (indicating). And at that time I told
Officer Nelson -- he said it almost the same time, that we knew there was a dope
deal going down right then.



 At this point, the officers approached appellant's car and ordered the two men
inside to place their hands on the dashboard. As appellant complied with this order, Booth saw
him drop a plastic bag containing powder between the two front seats. Booth retrieved the bag
after the men were removed from the car. The powder in the bag proved to be methamphetamine. 
The officers also found a $20 bill on the floor of the car, at the passenger's feet. Appellant had
approximately $600 in his pocket.

 The second man was Richard Lacey, appellant's brother-in-law. Both Lacey and
appellant testified that Lacey met appellant at the shopping center so that appellant could give
Lacey some money for his sister, appellant's wife. Both men denied that Lacey was there to buy
methamphetamine from appellant and disclaimed any knowledge of the methamphetamine found
in the car.

 In his only point of error, appellant contends the district court erred by refusing
to order the State to disclose the identity of the informer. A court may direct that a confidential
informer's identity be disclosed if it appears from the evidence in the case or from some other
showing that the informer may be able to give testimony necessary to a fair determination of guilt
or innocence. Tex. R. Crim. Evid. 508(c)(2). Appellant urges that the informer's identity might
have corroborated his defensive theory that he had been "set up" by another man. In his brief,
appellant expresses this argument as follows:



 In the instant case, there was evidence before the court that would support
the following scenario: Jason Cole, who had reason to wish harm to appellant, and
ready access to appellant's car, first made of himself a confidential informer, and
then planted the necessary evidence in appellant's car -- which he then directed the
police officers' attention to. Had appellant been confirmed in his suspicion, he
could at least have argued the possibility of a setup; more, he might have called
Cole as a witness and attempted to get him either to admit a setup, or to deny a
setup so weakly as to persuade the jury his denial was not truthful.



 The defendant has the burden of demonstrating that the informer's identity must
be disclosed. Bodin v. State, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991). While it is not
necessary that the defendant know the exact nature of the informer's testimony, he must make a
plausible showing of how the informer's information may be important. Id. A request for
disclosure may not be based on mere conjecture or speculation. Id. Appellant testified that the
woman with whom he was living, Jackie O'Neal, had been repeatedly threatened by her former
boyfriend, Cole. Appellant did not testify that Cole had threatened him. According to appellant,
Cole also lived on Westover, across the street and three houses to the west. Appellant testified
that Cole "had access" to appellant's car because he lived nearby, but he did not testify that it was
his practice to leave the car unlocked. Appellant suspected that Cole was the informer because
"[h]e's the only one who has anything against me" and because "I knew he had a charge for
stealing a wet bike and I have heard that you could snitch on somebody and they will drop the
charge." It is significant that, during his testimony, appellant never advanced the theory that Cole
planted the methamphetamine in appellant's car. 

 Assuming that appellant's argument in support of the disclosure of the informer's
identity is more than mere conjecture, it is an argument that appellant never presented to the
district court. Appellant asked that the informer's identity be disclosed during his cross-examination of the State's first witness, Officer Nelson. When the request was made, the only
evidence in the case concerning the informer was that he had given accurate information to the
officer in the past, the officer did not wish to reveal his name out of concern for his safety, and
he was not present during or a witness to the events of September 11. Appellant had not, at that
point in the trial, testified about Cole and his suspicion that Cole was the informer. There was
nothing then before the court to indicate that the informer might be able to give testimony
necessary to a fair determination of appellant's guilt or innocence. Later, after he testified,
appellant did not renew his request for the informer's identity, much less explain to the court the
"setup" theory he now advances.

 In order to preserve a complaint for appellate review, a party must have presented
to the trial court a timely request, objection, or motion stating the specific grounds for the ruling
he desired the court to make if the specific grounds were not apparent from the context. Tex. R.
App. P. 52(a). Appellant never presented to the district court his argument that the informer's
identity was material to a defensive theory that the methamphetamine had been planted in his car
by Cole. Nor was this ground for disclosure apparent from the context, because the testimony
on which appellant now rests his theory had not been heard at the time the disclosure request was
made. These circumstances should be compared with those in Anderson v. State, 817 S.W.2d 69
(Tex. Crim. App. 1991), where the court found that while the defendant had never expressly
asked for the name of the confidential informer, both the defendant's desire for this information
and the reason why it was it was material were apparent to the trial court and therefore preserved
for review.

 We hold that the district court did not err by overruling appellant's request for the
identity of the confidential informer. At the time the request was made, appellant had not
demonstrated the materiality of this information. Appellant never renewed his request for
disclosure and never presented to the district court the argument he now seeks to advance on
appeal. The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: September 16, 1992

[Do Not Publish]