# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00192-CR

**David Herrera, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT NO. 2002-098, HONORABLE DON B. MORGAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

David Herrera appeals his conviction for possession with intent to deliver a controlled substance, cocaine. *See* Tex. Health & Safety Code Ann. § 481.112(d) (West 2003). In a single issue, Herrera contends that the trial court erred by failing to hold an *in camera* hearing pursuant to Texas Rule of Evidence 508(c)(2) to determine whether the confidential informant's testimony was necessary to a fair determination of guilt or innocence. *See* Tex. R. Evid. 508(c)(2). We will affirm.

## BACKGROUND

On August 12, 2003, the trial court conducted a hearing on Herrera's motion to disclose the identity of the confidential informant. The State invoked the privilege provided in Rule 508, urging that the informant's testimony was only used to establish probable cause for the warrant

and, therefore, disclosure of his identity was not required. *See id.* Officer Ramirez, a narcotics officer with the Bastrop County Sheriff's Department, testified that the confidential informant told him that, on April 2, 2002, he had been at Herrera's residence and witnessed Herrera "in possession of a large quantity of Cocaine. . . . [The informant] gave me the address and showed me where the address was, pointed out the house," and identified a photocopy of Herrera's driver's license picture as "the same person he had seen in possession of Cocaine." The informant had not participated in any drug transaction with Herrera. Ramirez further explained that the informant had been paid by the Department "for a number of years" to provide such information, but that his testimony was not given pursuant to a plea bargain.

Ramirez used this information to obtain a search warrant, which was executed on April 4, 2002, when the Bastrop County S.W.A.T. team raided Herrera's residence.[1] In one bedroom, the officers found a large quantity of cocaine and drug paraphernalia, along with Herrera's driver's license.[2] The confidential informant did not participate in the search. Herrera was indicted based on the evidence discovered on April 4.

The trial court denied the motion to disclose. Herrera subsequently pled guilty and was sentenced to 25 years' imprisonment and assessed a $5000 fine. This appeal followed.

---

[1] Herrera shared the residence with his father, who was also arrested on other charges.

[2] Although the driver's license was face down when Ramirez found it, he testified that he turned it over, examined it, and identified it as Herrera's.

2

**ANALYSIS**

*Preservation of Error*

As an initial matter, the State urges that Herrera failed to preserve error because at the beginning of the hearing he said that he was requesting "[n]ot necessarily the [informant's] name, but the existence of such a person and whether or not they received any type of plea bargain arrangement or something like that from the State." Also, the record reflects that Herrera's motion was titled a "Motion to Require the State to Reveal Agreements Entered Between the State and its Witnesses," rather than a "Motion to Disclose the Identity of a Confidential Informant."

However, it is apparent from the transcript that the court and all parties understood that the essence of Herrera's motion was a Rule 508 motion to disclose, as the State immediately responded by citing Rule 508; the hearing was conducted in terms of the rule and the primary cases interpreting it; and the court consistently referred, without objection, to Herrera's motion as a "motion to disclose," including when it announced that it would "deny the motion to disclose." Because Herrera's issue was properly before the trial court and he obtained a definite ruling on it, Herrera preserved error. *See Hill v. State*, 90 S.W.3d 308, 312-13 (Tex. Crim. App. 2004) (citing Tex. R. App. P. 33.1).

*Disclosure of Confidential Informant*

Rule 508(a) generally provides the State "a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible

violation." Tex. R. Evid. 508(a). There are, however, three exceptions to this privilege. *Id*. at 508(c)(1)-(3). Herrera relies on the second exception, which provides that if the informant

> may be able to give testimony necessary to a fair determination . . . on guilt or innocence in a criminal case, and the public entity invokes the privilege, the court shall give the public entity an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony.

*Id*. at 508(c)(2).

Under this exception, the defendant bears the initial burden of showing that the confidential informant may be able to provide testimony necessary to a fair determination of guilt or innocence. *Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991). To be "necessary," the informant's testimony must "significantly aid" in the determination of guilt or innocence. *Id.*; *Olivarez v. State*, 171 S.W.3d 283, 292 (Tex. App.—Houston [14th Dist.] 2005, no pet.). However, because the defendant may not actually know the nature of the informant's testimony, all that is required to satisfy this threshold burden is a "plausible showing" of the potential importance of the testimony. *Anderson v. State*, 817 S.W.2d 69, 72 (Tex. Crim. App. 1991); *Long v. State*, 137 S.W.3d 726, 732 (Tex. App.—Waco 2004, pet. ref'd). Nevertheless, mere conjecture or speculation is insufficient, and the mere filing of a motion to disclose will not compel disclosure. *Bodin*, 807 S.W.2d at 318; *Washington v. State*, 902 S.W.2d 649, 656 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd). We review a trial court's ruling on a motion to disclose the identity of a confidential informant for an abuse of discretion. *Sanchez v. State*, 98 S.W.3d 349, 356 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

Several cases have held that a defendant can satisfy the initial burden by showing that the confidential informant was an eyewitness to the search or participated in the transaction for which the defendant was indicted. *See, e.g.*, *Anderson*, 817 S.W.2d at 72; *Bodin*, 807 S.W.2d at 318; *Sanchez*, 98 S.W.3d at 356. In these cases, the informant's testimony was deemed potentially "necessary" because the informant had first-hand knowledge of the events upon which the defendant was to be adjudged guilty or innocent. *Anderson*, 817 S.W.2d at 72. There is a clear distinction, however, between these cases and those where the informant's information was used only to establish probable cause for the search warrant. When the confidential informant's testimony is relevant only to the issue of probable cause, and the informant can offer no testimony about the actual offense, then the defendant cannot make a "plausible showing" that the testimony would "significantly aid" in the determination of guilt or innocence. *See, e.g.*, *Olivarez*, 171 S.W.3d at 292-93; *Long*, 137 S.W.3d at 733; *Washington*, 902 S.W.2d at 657; *Murray v. State*, 864 S.W.2d 111, 118 (Tex. App.—Texarkana 1993, pet. ref'd). In such cases, disclosure is not required, and the trial court need not order an *in camera* hearing. *Washington*, 902 S.W.2d at 657.

Here, Officer Ramirez testified that the confidential informant provided information only about events he witnessed on April 2, and that this information was relied on to establish probable cause for the search warrant. It is undisputed that the informant was not present during the April 4 raid of Herrera's residence during which the cocaine that is the subject of his conviction was discovered, nor was he a party to any transaction with Herrera involving cocaine. Consequently, Herrera failed to satisfy his initial burden of making a plausible showing that the informant's

5

testimony was necessary to a fair determination of guilt of innocence.  The trial court did not abuse its discretion in denying Herrera's motion.  Herrera's single issue is overruled.

## CONCLUSION

Having overruled Herrera's only issue, we affirm his conviction.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   February 16, 2006

Do Not Publish

6