COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-412-CR

 

 

MARIO A. PARKS                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                            Introduction








A jury convicted Appellant
Mario A. Parks of possession with intent to deliver four grams or more but less
than two hundred grams of cocaine.  The
trial court sentenced him to twenty-five years= confinement.  In two points on
appeal, Appellant argues that the trial court abused its discretion by refusing
to compel the State to identify a confidential informant and by allowing a
State=s witness to review an undisclosed offense report while
testifying.  We affirm.

                                            Background

Appellant does not contest
the sufficiency of the evidence.  We will
therefore limit our review of the evidence to that necessary to put Appellant=s complaints into context.

A confidential informant told
Arlington Police Detective Sharon Hykel that Appellant was dealing cocaine from
his residence.  Detective Hykel caused
the confidential informant to make four undercover buys from Appellant; all
four tested positive for cocaine.  As
part of her investigation, Detective Hykel determined that the residence=s water service was maintained in Appellant=s name, and that each of three vehicles at the residence was
registered in Appellant=s name.  The confidential informant identified
Appellant from his driver=s license
photo. 








Based on the confidential
informant=s
information and the results of the undercover buys, Detective Hykel obtained a
search warrant for Appellant=s residence.  When Detective
Hykel and other officers executed the warrant at Appellant=s residence, they found 8.19 grams of crack cocaine and 18.33 grams of
powder cocaine in sixty-seven baggies concealed in false-bottomed soda cans,
plus seven baggies of marijuana concealed in a box of crackers.[2]
Detective Hykel testified that crack cocaine and powder cocaine were found in Adealer amounts@ and
packaged for distribution.  The police
also found $3,951, mostly in ten- and twenty-dollar bills, and two guns in the
residence.  The only people in the
residence when Detective Hykel executed the search warrant were Appellant, a
woman, and an infant. 

                                     Confidential Informant

In his first point, Appellant
argues that the trial court abused its discretion by refusing to compel the
State to reveal the identity of the confidential informant. 

Rule of evidence 508(a)
generally provides the State Aa privilege to refuse to disclose the identity of a person who has
furnished information relating to or assisting in an investigation of a
possible violation.@  Tex.
R. Evid. 508(a).  There are,
however, three exceptions to this privilege.  Id. at 508(c)(1)‑(3). Appellant
relies on the second exception, which provides that if the informant 








may be able to give testimony Anecessary to a fair determination . . . on guilt or innocence in a
criminal case, and the public entity invokes the privilege, the court shall
give the public entity an opportunity to show in camera facts relevant to
determining whether the informer can, in fact, supply that testimony.@  Id. at 508(c)(2).

Under this exception, the
defendant bears the initial burden of showing that the confidential informant
may be able to provide testimony necessary to a fair determination of guilt or
innocence.  Bodin v. State, 807
S.W.2d 313, 318 (Tex. Crim. App. 1991). 
To be Anecessary,@ the informant=s testimony
must Asignificantly aid@ in the determination of guilt or innocence.  Id.; Olivarez v. State, 171
S.W.3d 283, 292 (Tex. App.CHouston [14th Dist.] 2005, no pet.). 
However, because the defendant may not actually know the nature of the
informant=s testimony,
all that is required to satisfy this threshold burden is a Aplausible showing@ of the potential importance of the testimony.  Anderson v. State, 817 S.W.2d 69, 72
(Tex. Crim. App. 1991); Long v. State, 137 S.W.3d 726, 732 (Tex. App.CWaco 2004, pet. ref=d).  Nevertheless, mere
conjecture or speculation is insufficient, and the mere filing of a motion to
disclose will not compel disclosure.  Bodin,
807 S.W.2d at 318; Washington v. State, 902 S.W.2d 649, 656 (Tex. App.CHouston [14th Dist.] 1995, pet. ref=d).  We review a trial court=s ruling on a motion to disclose the identity of a confidential
informant for an abuse of discretion. Sanchez v. State, 98 S.W.3d 349,
356 (Tex. App.CHouston [1st
Dist.] 2003, pet. ref=d).








Several cases have held that
a defendant can satisfy the initial burden by showing that the confidential
informant was an eyewitness to the search or participated in the transaction
for which the defendant was indicted. 
See, e.g., Anderson, 817 S.W.2d at 72; Bodin, 807 S.W.2d at
318; Sanchez, 98 S.W.3d at 356. 
In these cases, the informant=s testimony was deemed potentially Anecessary@ because the
informant had first‑hand knowledge of the events upon which the defendant
was to be adjudged guilty or innocent.  Anderson,
817 S.W.2d at 72.  There is a clear
distinction, however, between these cases and those where the informant=s information was used only to establish probable cause for the search
warrant.  When the confidential informant=s testimony is relevant only to the issue of probable cause, and the
informant can offer no testimony about the actual offense, then the defendant
cannot make a Aplausible
showing@ that the testimony would Asignificantly aid@ in the determination of guilt or innocence.  See, e.g., Olivarez, 171 S.W.3d at 292‑93;
Long, 137 S.W.3d at 733; Washington, 902 S.W.2d at 657; Murray
v. State, 864 S.W.2d 111, 118 (Tex. App.CTexarkana 1993, pet. ref=d).  In such cases, disclosure
is not required, and the trial court need not order an in camera hearing.  Washington, 902 S.W.2d at 657.








In this case, Appellant filed
a motion to compel disclosure of the confidential informant, stating the
disclosure was required because the informant participated in the alleged
offense, was present at the time of the alleged offense, was the proximate
cause of Appellant=s arrest,
and misidentified Appellant as the drug dealer. 
The trial court deferred ruling on the motion until Detective Hykel
testified and then denied the motion.  On
appeal, Appellant argues that the confidential informant=s testimony might have established that another person at the
residence sold him the drugs in the undercover buys or that the informant
merely pretended to buy drugs at the residence. 

It is apparent from our
review of the record that while the informant=s information formed the probable cause basis for the search warrant,
Appellant was arrested, indicted, tried, and convicted for possession of the
cocaine found when the warrant was executed. 
Appellant does not challenge probable cause for issuance of the
warrant.  Nothing in the record suggests
that the informant was present when the warrant was executed.  Therefore, the informant=s testimony might have been relevant to the issue of probable cause,
but not to the actual offense.  Appellant
did not make a Aplausible
showing@ that the testimony would Asignificantly aid@ in the determination of guilt or innocence.

We hold that the trial court
did not abuse its discretion by denying Appellant=s motion to compel disclosure of the confidential informant.  We overrule Appellant=s first point.








                                  Undisclosed Offense Report

In his second point,
Appellant argues that the trial court abused its discretion by allowing
Detective Hykel to review an offense report that the State had not previously
disclosed to Appellant. 

Appellant filed a pretrial
omnibus motion in which he requested, among other things, that the State make
available any written statements made by a witness who testifies or used by a
witness to refresh the witness=s memory Aat such time
as the State passes the witness for cross-examination.@  On cross-examination,
Appellant=s counsel
asked Detective Hykel to show where in her offense report she wrote that the
confidential informant told her that the drugs in Appellant=s residence were concealed in false-bottomed soda cans.  Detective Hykel referred to an offense report
pertaining to one of the four undercover drug buysCa report that the State had not furnished to Appellant. Appellant
moved for a mistrial, and Appellant=s counsel stated that she would not have asked Detective Hykel the
question if the State had furnished the offense report to her.  The trial court denied the motion for
mistrial.  The State then furnished a
copy of the undisclosed offense report to Appellant.  Appellant went on to cross-examine Detective
Hykel about the contents of the report. 
Detective Hykel admitted that none of her offense reports reflected that
the confidential informant told her that the drugs were concealed in soda cans.









As the State observes,
Appellant did not object when Detective Hykel referred to the undisclosed
offense report; instead, Appellant moved for a mistrial.  The State argues that Appellant completely
forfeited any complaint regarding the undisclosed offense report by moving for
a mistrial instead of objecting to Detective Hykel=s testimony.  We disagree.  As a prerequisite to presenting a complaint
for appellate review, the record must show that the complaint was made to the
trial court by a timely request, objection, or motion that stated the grounds
for the ruling sought.  Tex. R. App. P. 33.1(a).  Appellant made an oral motion for mistrial
and stated the grounds for the motion in detail.  Thus, Appellant preserved his complaint for
our review.  But because he only moved
for a mistrial, we will limit our review of his complaint to whether the trial
court abused its discretion by denying Appellant=s motion.








We review the trial court=s denial of a motion for mistrial for an abuse of discretion.  Ladd v. State, 3 S.W.3d 547, 567 (Tex.
Crim. App. 1999), cert. denied, 529 U.S. 1070 (2000).  A mistrial is a device used to halt trial
proceedings when error is so prejudicial that expenditure of further time and
expense would be wasteful and futile. 
See Sewell v. State, 696 S.W.2d 559, 560 (Tex. Crim. App.
1983).  Thus, a trial court may properly
exercise its discretion to declare a mistrial if a verdict of conviction could
be reached, but would have to be reversed on appeal due to an obvious
procedural error in the trial.  Id.  The determination of whether a given error
necessitates a mistrial must be made by examining the particular facts of the
case.  Hernandez v. State, 805
S.W.2d 409, 414 (Tex. Crim. App. 1990), cert. denied, 500 U.S. 960
(1991).

Under the facts presented by
this case, we hold that the trial court did not abuse its discretion by denying
Appellant=s motion for
mistrial.  Appellant=s pretrial omnibus motion requested copies of writings used to refresh
a witness=s memory
when the witness was passed to Appellant for cross-examination.  The State furnished the undisclosed report to
Appellant within minutes of passing Detective Hykel to Appellant for
cross-examination.  Moreover, it appears
that the undisclosed offense report was consistent with the other offense
reports in that it did not state that the confidential informant told Detective
Hykel that the drugs were hidden inside false-bottomed soda cans.  We cannot say that the State=s failure to furnish the offense report to Appellant at the instant
that it passed Detective Hykel for cross-examination was so prejudicial that
expenditure of further time and expense would have been wasteful and
futile.  Thus, the trial court did not
abuse its discretion by denying Appellant=s motion for mistrial.  We
overrule Appellant=s second
point.








                                             Conclusion

Having overruled both of
Appellant=s points, we
affirm the judgment of the trial court.

 

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 16, 2006











[1]See Tex. R. App. P. 47.4.





[2]The
record is silent as to the weight of the marijuana.