TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00659-CR







Jonathan W. Kanada, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8515, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING






PER CURIAM

The district court found appellant guilty of delivering more than one but less than four grams
of cocaine. Tex. Health & Safety Code Ann. § 481.112(a), (c) (West Supp. 1997). The court assessed
punishment at imprisonment for ten years.

On November 27, 1995, Timothy Minear was a Bastrop County sheriff's deputy working
undercover for a narcotics task force. Minear testified that on that date, he and another undercover officer
were taken to an apartment in Smithville and introduced to appellant by an informer. Appellant sold ten
rocks of crack cocaine to Minear for $200. Laboratory testing showed that the substance appellant sold
to the officer was cocaine weighing 1.43 grams.

Appellant admitted meeting the undercover officers on the day in question, but asserted that
the substance he sold was not crack cocaine, but merely soap. According to the testimony of appellant
and his girlfriend, a friend named Charlie Brown came to the apartment on November 27 and told appellant
that he knew two undercover police officers who "were going to spend big money." Brown suggested to
appellant that "if he wanted to make some extra money that he should cut up some soap." After Brown
left, appellant cut a small bar of hotel soap into pieces and placed the pieces in a plastic bag. When Brown
returned with the officers, appellant sold them the soap claiming that it was crack cocaine Appellant
testified that he expected the officers to return for their money when they discovered the ruse but, "I figured
they didn't come back, you know, that was $200 in my pocket."

During cross-examination and before the defensive testimony, Minear was asked by
defense counsel:


Q Was your informant's name Charlie Brown?


[Prosecutor]: Judge, I really don't see how that's relevant to the delivery case that we have
here at this point.


THE COURT: I'm going to sustain the objection.


[Defense counsel]: Well, Judge, how can I establish the circumstances surrounding that
transaction unless I - - you know, I mean, they're allowed to testify that there was
someone there and they know all about this transaction, but we're not allowed to find out
any details about it. How can I defend my client? How can I determine that circumstances
surrounding that case unless I can - - I mean, it goes to the defense of the case, who this
person was who was present.


[Prosecutor]: Well, Judge, if he's a witness he hasn't been called.


[Defense counsel]: So I believe it is relevant and I'd like for him to answer the question.


THE COURT: Well, I've already sustained the objection.



In point of error one, appellant contends the district court erred by refusing to order the disclosure of the
identity of the informer and by failing to conduct an in camera hearing to determine whether the informer
could supply testimony necessary to a fair determination of appellant's guilt or innocence. Tex. R. Crim.
Evid. 508(c)(2).

The State has a privilege to refuse to disclose the identity of an informer. Tex. R. Crim.
Evid. 508(a). There are three exceptions to this privilege. Tex. R. Crim. Evid. 508(c). Appellant relies
on the second exception, which provides that if the State claims the privilege after a showing that the
informer may be able to give testimony necessary to a fair determination of guilt or innocence, "the judge
shall give the [State] an opportunity to show in camera facts relevant to determining whether the informer
can, in fact, supply that testimony." Rule 508(c)(2). If, after the in camera hearing, the court concludes
that there is a reasonable probability that the informer can give necessary testimony but the State still elects
not to disclose his identity, the prosecution may be dismissed. Id.

The defendant has the threshold burden of demonstrating that an informer's identity must
be disclosed. Bodin v. State, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991). The informer's potential
testimony must significantly aid the defendant, and mere conjecture or supposition about possible relevance
is insufficient. Id. A plausible showing that the informer's testimony may be important is sufficient. Id. 
Testimony that the informer was an eyewitness to the charged offense satisfies the defendant's threshold
burden and triggers the procedural requirements of rule 508(c)(2). Anderson v. State, 817 S.W.2d 69,
72 (Tex. Crim. App. 1991). Because the officers testified that the informer was present when the cocaine
was delivered, appellant argues that the district court should have ordered the disclosure of his identity and,
if the State declined, conducted the in camera hearing called for by the rule.

Assuming that the evidence before the district court was sufficient to trigger rule 508(c)(2),
we are satisfied that no reversible error is presented. Tex. R. App. P. 81(b)(2). It was undisputed at trial
that the two undercover officers came to appellant's apartment on only one occasion. On that visit, the
officers purchased a substance, either crack cocaine or soap, from appellant for $200. It was also
undisputed that four persons were present when this transaction took place. According to the officers,
these persons were the two officers, appellant, and the informer who took the officers to appellant's
apartment. According to appellant, the persons present were the two officers, appellant, and Charlie
Brown, who brought the officers to the apartment. On this record, the conclusion is inescapable that the
informer referred to by the two officers was Charlie Brown. Indeed, appellant testified as much, saying
that Brown brought the officers to appellant's apartment after telling appellant that he was going to do so
and suggesting that appellant sell the officers soap instead of crack cocaine. The district court's failure to
order the State to disclose the informer's identity did not harm appellant because the record conclusively
demonstrates that appellant knew the identity of the informer.

Even if it were possible that the informer who took the officers to appellant's apartment was
not Charlie Brown, appellant was not harmed. Rule 508(c)(2) requires disclosure of an informer's identity
only if he can give testimony necessary to a fair determination of the defendant's guilt or innocence. In this
cause, the only disputed issue relevant to appellant's guilt or innocence was the identity of the substance
he sold to the undercover officer. According to appellant's testimony, the only persons who knew about
the scheme to sell the officers soap were appellant, appellant's girlfriend, and Charlie Brown. If the
informer was not Charlie Brown, he could not have testified to the nature of the substance sold by appellant
and therefore could not have given testimony relevant to the determination of the only contested issue at
trial.

Because the evidence shows that appellant knew the identity of the informer who brought
the undercover officers to his apartment and witnessed the delivery, the district court's failure to order the
State to disclose the informer's identity was harmless error at most. If, despite the evidence, the informer
was not appellant's friend Charlie Brown, he could not give testimony relevant to the identity of the
substance appellant sold to the officers and, again, the failure to order the State to disclose the informer's
identity was harmless. Point of error one is overruled.

By his second point of error, appellant contends the evidence is factually insufficient to
sustain the conviction. When conducting a factual sufficiency review, we do not view the evidence in the
light most favorable to the verdict. Instead, we consider all the evidence equally, including the testimony
of defense witnesses and the existence of alternative hypotheses. Orona v. State, 836 S.W.2d 319, 321
(Tex. App.--Austin 1992, no pet.). We will set aside a verdict for factual insufficiency only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State
922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex.
App.--Austin 1992, pet. ref'd as untimely filed).

In support of his claim that the evidence is factually insufficient, appellant notes that his
testimony that he sold soap to the undercover officer was corroborated by his girlfriend, while we have only
the word of the Officer Minear that the substance he delivered to the laboratory for testing was the
substance appellant delivered. The district court was the exclusive judge of the credibility of the witnesses
and the weight to be given their testimony. See Miller v. State, 909 S.W.2d 586, 593 (Tex. App.--Austin
1995, no pet.). Obviously, the district court found the officer's testimony more credible than that of
appellant and his girlfriend. There is no evidence in the record to support the hypothesis that Minear
tampered with the evidence in order to incriminate appellant. The judgment of guilt is not so contrary to
the overwhelming weight of the evidence as to be clearly wrong or unjust. Point of error two is overruled.

The judgment of conviction is affirmed.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: August 28, 1997

Do Not Publish



ndisputed at trial
that the two undercover officers came to appellant's apartment on only one occasion. On that visit, the
officers purchased a substance, either crack cocaine or soap, from appellant for $200. It was also
undisputed that four persons were present when this transaction took place. According to the officers,
these persons were the two officers, appellant, and the informer who took the officers to appellant's
apartment. According to appellant, the persons present were the two officers, appellant, and Charlie
Brown, who brought the officers to the apartment. On this record, the conclusion is inescapable that the
informer referred to by the two officers was Charlie Brown. Indeed, appellant testified as much, saying
that Brown brought the officers to appellant's apartment after telling appellant that he was going to do so
and suggesting that appellant sell the officers soap instead of crack cocaine. The district court's failure to
order the State to disclose the informer's identity did not harm appellant because the record conclusively
demonstrates that appellant knew the identity of the informer.

Even if it were possible that the informer who took the officers to appellant's apartment was
not Charlie Brown, appellant was not harmed. Rule 508(c)(2) requires disclosure of an informer's identity
only if he can give testimony necessary to a fair determination of the defendant's guilt or innocence. In this
cause, the only disputed issue relevant to appellant's guilt or innocence was the identity of the substance
he sold to the undercover officer. According to appellant's testimony, the only persons who knew about
the scheme to sell the officers soap were appellant, appellant's girlfriend, and Charlie Brown. If the
informer was not Charlie Brown, he could not have testified to the nature of the substance sold by appellant
and therefore could not have given testimony relevant to the determination of the only contested issue at
trial.

Because the evidence shows that appellant knew the identity of the informer who brought
the undercover officers to his apartment and witnessed the delivery, the district court's failure to order the
State to disclose the informer's identity was harmless error at most. If, despite the evidence, the informer
was not appellant's friend Charlie Brown, he could not give testimony relevant to the identity of the
substance appellant sold to the officers and, again, the failure to order the State to disclose the informer's
identity was harmless. Point of error one is overruled.

By his second point of error, appellant contends the evidence is factually insufficient to
sustain the conviction. When conducting a factual sufficiency review, we do not view the evidence in the
light most favorable to the verdict. Instead, we consider all the evidence equally, including the testimony
of defense witnesses and the existence of alternative hypotheses. Orona v. State, 836 S.W.2d 319, 321
(Tex. App.--Austin 1992, no pet.). We will set aside a verdict for factual insufficiency only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State
922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone