Opinion issued January, 16, 2003







 

 









In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-01-01024-CR
____________
 
ADRIAN HINOJOSA, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 865200
 

 
 
MEMORANDUM OPINION
          After the trial court denied his motion to suppress evidence, appellant, Adrian
Hinojosa, pleaded guilty, without a recommendation as to punishment, to possession
of a usable quantity of marihuana, weighing 50 pounds or less, but more than five
pounds. See Tex. Health & Safety Code Ann. § 481.121(a), (b)(4) (Vernon Supp.
2003). The trial court deferred adjudication of appellant’s guilt and placed him on
four-years community supervision. Appellant brings five issues, challenging the
denial of his motion to suppress evidence and his motion for the disclosure of an
informant’s identity. We affirm.
Facts and Procedural Background
          On January 2, 2001, Pasadena Police Officer Isaac Villarreal was conducting
a narcotics investigation and surveillance at La Revolucion bar in Houston, Texas. 
While Villareal was conducting surveillance outside the bar, an informant, who was
inside the bar, telephoned Villareal and told him that he overheard two men in the bar
discussing a narcotics transaction. The informant gave Villareal physical and
clothing descriptions of the two men. Villareal saw appellant and Juan Saavedra,
matching the physical descriptions given by the informant, walk out of the front door
of the bar. Villarreal then saw a pickup truck drive up in front of the bar and a
passenger in the truck hand appellant a package wrapped in brown paper. Villareal
then saw appellant walk to Saavedra’s pickup truck and hand the package to
Saavedra. Appellant left the bar in a car, and Saaverda in his pickup truck. Villareal
followed appellant, and Officer John Bangilan followed Saaverda.
          Officer Bangilan stopped Saaverda’s pickup truck at a toll booth on Beltway
8, approached Saaverda, and identified himself as a police officer. Bangilan smelled
marihuana, searched the pickup truck, and found 18.4 pounds of marihuana in a
package wrapped in brown paper. Bangilan radioed Villareal that he found
marihuana in the brown package inside Saaverda’s pickup truck, and Villareal then
arrested appellant outside his apartment. Neither appellant nor Saavedra were in the
City of Pasadena from the time they were in the bar until they were arrested.
          Both appellant and Saavedra filed motions to suppress the marihuana. The trial
court granted Saavedra’s motion on the ground that the Pasadena police officers were
acting outside of their territorial jurisdiction, and the State did not appeal that
suppression. The trial court denied appellant’s motion, ruling that appellant had no
standing to object to the police officers’ discovery of marihuana in Saavedra’s pickup
truck.
Motion to Suppress Evidence
Standing
          In issues one and four, appellant contends the trial court erred in denying his
motion to suppress evidence under the Fourth Amendment


 and Code of Criminal
Procedure article 38.23(a)


 and in holding that appellant lacked standing to contest
the search of Saavedra’s truck and the seizure of marihuana from it. In issue three,
appellant contends the trial court erred under Article 38.23(a) in denying his motion
to suppress the Pasadena police officers’ testimony concerning the arrest and search
of appellant and Saavedra.
          Article 38.23(a) prohibits the admission of evidence against an accused in a
criminal case if the evidence was obtained in violation of the constitutions and laws
of the United States and the State of Texas. Tex. Crim. Proc. Code Ann. art.
38.23(a). A defendant must show that he has standing to invoke the exclusionary rule
of Article 38.23(a). Fuller v. State, 829 S.W.2d 191, 201-02 (Tex. Crim. App. 1992).
          Under both the United States and Texas Constitutions, a defendant has standing
to challenge the admission of evidence obtained by a governmental intrusion only if
he had a legitimate expectation of privacy in the place invaded. Rakas v. Illinois, 439
U.S. 128, 143, 99 S. Ct. 421, 430 (1978); Villarreal v. State, 935 S.W.2d 134, 138
(Tex. Crim. App. 1996). Furthermore, the defendant, because he has greater access
to the relevant evidence, has the burden of proving facts establishing a legitimate
expectation of privacy. Villarreal, 935 S.W.2d at 138. To carry this burden, the
defendant must prove that (1) by his conduct, he exhibited an actual subjective
expectation of privacy, i.e., a genuine intention to preserve something as private and
(2) circumstances existed under which society was prepared to recognize his
subjective expectation as objectively reasonable. Smith v. Maryland, 442 U.S. 735,
740, 99 S. Ct. 2577, 2580 (1979); Villarreal, 935 S.W.2d at 138.
          Here, appellant did not carry his burden of proving that he had standing to
challenge the admissibility of the evidence and testimony concerning the search of
Saavedra’s pickup truck. Appellant did not demonstrate that he had any ownership
right in Saavedra’s pickup truck or any of its contents. He further failed to show any
interest, whatsoever, in the package containing marihuana, which was found in
Saavedra’s pickup truck. Thus, appellant failed to show he had a legitimate
expectation of privacy in the package containing the marihuana.
          We overrule issues one, three, and four.
Jurisdiction
          In issue two, appellant contends the trial court erred in denying his motion to
suppress evidence because the Pasadena police officers exercised their law
enforcement power outside their geographical jurisdiction and had no law
enforcement authority to arrest and detain him and Saavedra. As noted in our
discussion of issues one, three, and four, appellant has no standing to challenge
Saavedra’s arrest and the seizure of the package of marihuana from his pickup truck. 
In regard to appellant’s arrest, we note that even assuming, without holding, that the
Pasadena police officers had no authority to arrest appellant in Houston, the officers
found no contraband on appellant and, thus, the officers obtained no “fruit” from the
arrest that must be suppressed. See Blondett v. State, 921 S.W.2d 469, 473 (Tex.
App.—Houston [14th Dist.] 1996, pet. ref’d).
          We overrule issue two.
Disclosure of Informant’s Identification
          In issue five, appellant contends the trial court erroneously denied his motion
to disclose the identity of the informant. See Tex. R. Evid. 508. The trial court
conducted an in-camera hearing, as required by Rule 508(c)(2), and we granted
appellant’s motion to supplement the record with the sealed record from the hearing. 
Cf. id. (“Evidence submitted to the court shall be sealed and preserved to be made
available to the appellate court in the event of an appeal.”).
          Generally, the State has a privilege to refuse to disclose the identity of a person
who has furnished information relating to a possible violation of the law to a law
enforcement officer. Tex. R. Evid. 508(a). The State’s privilege is not absolute. The
privilege does not apply in a criminal case (1) if the informer’s identity has been
voluntarily disclosed, (2) if the informer may be able to give testimony necessary to
a fair determination of guilt or innocence, or (3) if the court is not satisfied that
information was obtained from an informer reasonably believed to be reliable. Tex.
R. Evid. 508(c). In this case, the trial court reviewed the State’s evidence in-camera
to determine whether there was a reasonable probability the informant could give
testimony necessary to a fair determination of appellant’s guilt or innocence. See
Tex. R. Evid. 508(c)(2). We review the trial court’s denial of appellant’s motion for
disclosure for an abuse of discretion. Southwell v. State, 80 S.W.3d 647, 650 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). 
          A defendant has the threshold burden of demonstrating that the informant’s
identity must be disclosed. Bodin v. State, 807 S.W.2d 313, 318-19 (Tex. Crim. App.
1991). The informant’s potential testimony must significantly aid the defendant, and
mere conjecture or supposition about possible relevancy is insufficient. Id. The
defendant does not meet this threshold burden merely by filing a Rule 508 motion. 
Id.
          At the in-camera hearing, Officer Bangilan testified that the informant only
gave physical descriptions of the two possible suspects and where they could be
located. Bangilan further testified that the informant never came outside the bar, “did
not see the transaction, and did not participate in anything except giving
information.” Our review of the record indicates that the informant was not a witness
to the marihuana transaction, or any event occurring outside the bar. The informant
merely provided information that brought appellant to the attention of the officers. 
Appellant failed show that the informant was a material witness to the actual offense
or that his testimony was necessary to a fair determination of appellant’s guilt or
innocence. Thus, we hold the trial court did not abuse its discretion in refusing to
order the State to disclose the identity of the confidential informant.
          We overrule appellant’s fifth issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Jennings.

Do not publish. Tex. R. App. P. 47.2(b).