Opinion issued January 23, 2003












In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00998-CR




MARIO JAMES SANCHEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 851877




O P I N I O N

          Appellant, Mario James Sanchez, pled guilty without an agreed
recommendation to possession with intent to deliver at least 400 grams of cocaine. 
Following a presentence investigation, the trial court assessed punishment at 15 years
in prison and a $5,000 fine. We determine (1) whether appellant’s open guilty plea
waived his appellate challenge and (2) whether the trial court erred in denying
appellant’s motion to disclose a confidential informant. We reverse the judgment and
remand the cause.
Background
A.      The Facts
          The factual background comes from testimony on appellant’s motion to
disclose the identity of a confidential informant. For a year, appellant had socialized
with and bought marihuana from a man he knew only as “Ramsey.” In August 2000,
Ramsey telephoned appellant, offering a kilogram of cocaine at a good price. 
Appellant testified that he initially refused, but after Ramsey telephoned him a third
time, appellant finally agreed to meet Ramsey at a gas station. Appellant admitted
that he brought $16,000 at Ramsey’s instruction, but claimed that he intended to buy
marihuana with that money, not cocaine.
          Appellant drove to the parking lot of a gas station where he and Ramsey had
met before. Ramsey, who was sitting in the passenger seat of a car that another man
was driving, got out of the car and approached appellant. Appellant did not know the
other car’s driver. Ramsey got into appellant’s car and began speaking about the
cocaine. Appellant claimed that he again balked at buying cocaine. Ramsey
instructed appellant to drive to another parking lot, where the other car’s driver would
meet them. Appellant complied.
          Appellant and Ramsey met the other driver at the second parking lot and got
into that man’s car. For a short while, Ramsey and the driver spoke in Spanish, which
appellant did not understand. The driver then passed a box containing the kilogram
of cocaine to Ramsey, who showed it to appellant. Appellant claimed that he again
refused the purchase. However, he testified that Ramsey pressured or enticed him,
by at least three times saying things like the driver was a “big guy” whom “we need
to take care of” and that “we are already here with this [cocaine and] I don’t know
what we’re supposed to do.” The driver never said a word to appellant, but spoke to
Ramsey in Spanish before Ramsey allegedly enticed appellant and also witnessed
Ramsey’s subsequent discussions with appellant. Appellant eventually gave the
$16,000 to Ramsey, who gave the money to the driver and the cocaine to appellant. 
Appellant got in his car and drove off.
          Houston Police Department Narcotics Division Officers Bradley and Pena
participated in surveillance of the transaction in the second parking lot. Officer
Bradley testified that he knew one of the individuals in the car in which the sale took
place, but the trial court sustained the State’s objection to disclosing whether that
person was the driver or Ramsey. Officer Bradley observed appellant from the
officer’s position in the second parking lot. Officer Bradley believed that appellant
bought cocaine. However, there was no eavesdropping device in the car in which the
transaction occurred, and neither officer could see or hear any of the negotiations or
the sale itself. 
          Houston Police Department Officers Mouser and De la Cruz had been waiting
in a marked police car near the second parking lot to support Officers Bradley and
Pena. As appellant left the parking lot, Officer Bradley instructed Officers Mouser
and De la Cruz to stop appellant after first obtaining independent probable cause.


 
All four officers claimed that Officers Mouser and De la Cruz pulled appellant over
after observing him violate several traffic laws. Appellant denied violating any traffic
laws. Appellant pulled his car over, and the officers parked their car and began
approaching appellant on foot; however, appellant fled by car before the officers
reached him. Appellant eventually hit a dead end and had to abandon his car. The
pursuing officers captured appellant and discovered the cocaine, which fell or was
thrown to the ground as appellant ran. Neither Ramsey, nor the driver, nor anyone
who could be classified as a confidential informant, was present when appellant fled
or was apprehended.
          Unlike appellant, Ramsey and the driver were not stopped as they left the
parking lot. Appellant testified that he had learned since the incident that Ramsey
and the driver were working for the State. However, despite hiring an investigator,
appellant could not locate Ramsey.
B.      The Motions and Hearings
          To support his entrapment defense, appellant moved pretrial for disclosure of
any informant who participated in the cocaine transaction. On December 14, 2000,
at a hearing on that motion, defense counsel clarified that he wanted to know whether
a confidential informant or police officer was the unknown driver of the other car. 
Counsel again stated that he needed to know that individual’s identity for his
entrapment defense. The prosecuting attorney at the time of this hearing denied that
the person who had delivered the cocaine was either an informant or an officer. The
trial court denied appellant’s motion.
          Nonetheless, the trial court again took up appellant’s confidential-informant
motion at a pretrial hearing on March 19, 2001. The trial court may have
reconsidered the motion because appellant had alleged in a motion for continuance
filed after the initial ruling that the newly assigned prosecuting attorney had since
admitted that an informant had been involved. At the March 19 pretrial hearing,
appellant and Officers Bradley, Mouser, De la Cruz, and Pena testified to the
information set out in the factual section above. Following their testimony, appellant
again requested disclosure of the identity of any informants or cooperating
individuals who had delivered the cocaine to support his entrapment defense. The
trial court deferred a ruling until the following morning.
          The next morning, appellant re-urged his confidential-informant motion,
arguing that “the only witness that could . . . shed any light on whether he could give
evidence or not would be the informant himself . . . . [M]y client alleged that he was
somewhat pressured . . . and . . . if the idea for the crime is hatched in the mind of the
State’s officers or their agents, then we’re entitled to a charge on that entrapment but
we need a witness to support it and the—obviously my client can testify, but the—the
testimony of the person that was in the car that engaged in the negotiations is critical
. . . .” Appellant added that he did not object to an in camera hearing to question the
informant. The trial court deferred conducting an in camera hearing or ruling on the
confidential-informant motion.
          Following jury selection, the trial court held an in camera hearing at which it
questioned Officers Pena and Bradley. That volume is under seal. It is evident from
the sealed testimony that an informant was involved in the sale to some extent, that
Ramsey contacted the informant about the sale, and that the informant was actually
present at the sale in the second parking lot.
          When the trial court later asked appellant to announce ready for trial, appellant
responded that he needed a ruling on his confidential-informant motion. The trial
court ordered the confidential-informant motion carried with the case. Appellant
objected, asking the trial court to rule then because “if we’re going to get the
informant’s identity we need to have it so [that] we can start trying to get him here.” 
The trial court then denied the confidential-informant motion. Appellant immediately
advised the trial court that he wished to plead guilty. 
          Before appellant pled, the trial court ordered a short recess. Any discussions
at that recess were unrecorded. After that recess, the trial court changed its ruling and
ordered the State to produce the informant’s name. The State declined, and appellant
immediately moved to dismiss the indictment. The trial court denied appellant’s
dismissal motion and stated, “The Court will take this under consideration.” The trial
court then ordered another recess. Any discussions during the second recess were
also unrecorded. Immediately after the second recess, the trial court admonished
appellant, who then pled guilty. During the plea proceedings, the trial court noted
that it had—apparently during the second recess—withdrawn its ruling ordering the
State to disclose the confidential informant’s identity.
 
 
Waiver
          Relying on Young v. State, the State initially claims that appellant’s open guilty
plea waived any appellate complaint concerning the ruling on appellant’s
confidential-informant motion. See 8 S.W.3d 656 (Tex. Crim. App. 2000). We
disagree.
          “[A] valid plea of guilty . . . ‘waives’ or forfeits the right to appeal a claim of
error only when the judgment of guilt was rendered independent of, and is not
supported by, the error.” Young, 8 S.W.3d at 667. In the words of our sister court of
appeals, there must usually be a nexus—temporal or otherwise—between the error
and the judgment of guilt. See Brink v. State, 78 S.W.3d 478, 484 (Tex.
App.—Houston [14th Dist.] 2001, pet. ref’d).
          Appellant objected to the trial court’s ordering the confidential-informant
motion carried with the case. When the trial court later denied the confidential-informant motion, appellant immediately asked to plead guilty. When the trial court
later ordered disclosure and the State refused, appellant immediately moved to
dismiss the indictment. Although we do not know what transpired during the recess
at which the trial court gave its final ruling, the very next event was appellant’s
giving his plea. There is thus a strong temporal connection between the adverse
rulings on appellant’s confidential-informant motion and his guilty plea. Compare
Brink, 78 S.W.3d at 484 (in concluding that adverse ruling was waived under Young,
considering, among other things, that defendant’s plea came over two months after
that ruling).


 
          Moreover, apparently because the officers actually saw appellant discard the
cocaine, appellant was relying on entrapment as his principal defense. No one could
find Ramsey after the transaction, and none of the officers involved was privy to the
sale itself or to the negotiations leading up to it, which events were important to that
defense. Therefore, unless the trial court required the State to divulge the informant’s
identity, appellant had only his own testimony on entrapment. Under the facts of this
case, a ruling on this motion directly affected appellant’s defense to prosecution
because it deprived him of the only other witness to the drug sale, regardless of how
that witness might ultimately testify.
          The State argues that the ruling on appellant’s confidential-informant motion
is comparable to rulings on a motion to substitute counsel or to transfer jurisdiction
from a juvenile court to the district court, which rulings our sister courts of appeals
have held were not directly related to the determination of guilt and were thus waived
under Young. See Brink, 78 S.W.3d at 484; Faisst v. State, No. 12-00-00289-CR
(Tex. App.—Tyler 2001, pet. granted) (designated for publication).
          We agree that the rulings in Brink and Faisst had nothing to do with the
determinations of the guilt in those cases, but we disagree with the State’s comparing
those rulings to the one here. We conclude that the denial of appellant’s confidential-informant motion is more like the ruling considered in Young than the rulings
considered in Brink and Faisst. In Young, the Court of Criminal Appeals held that
a judgment of guilt was not independent of the denial of a suppression motion
because the judgment would not have been supported without the evidence that the
defendant had sought to suppress. See id., 8 S.W.3d at 667; see also Guerrero v.
State, 64 S.W.3d 436, 440 (Tex. App.—Waco 2000, no pet.) (citing Young to hold
that appellant’s open guilty plea did not waive challenge to confession that was
allegedly involuntary and given in violation to right to counsel). As the State points
out, the suppression ruling in Young concerned evidence supporting the judgment of
guilt, which is not exactly the case here. See id. This distinction is not material,
however. Appellant’s position is that the informant’s testimony was relevant to and
needed for a defense to prosecution. See Tex. Penal Code Ann. § 8.06(a) (Vernon
1994) (making entrapment a defense to prosecution). That defense can result in
acquittal in the right circumstances. See Tex. Penal Code Ann. § 2.03(d) (Vernon
1994) (“If the issue of the existence of a defense is submitted to the jury, the court
shall charge that a reasonable doubt on the issue requires that the defendant be
acquitted.”). An error affecting this type of defense is thus an error affecting the
determination of guilt for purposes of Young.
          We cannot say that appellant’s guilty plea was rendered independent of or was
unsupported by the adverse ruling on that motion. Accordingly, we hold that
appellant’s open guilty plea did not waive his appellate challenge.
 
 
Denial of Confidential-Informant Motion
          In his sole issue, appellant argues that the trial court erred in denying his
motion to dismiss the indictment when the State refused to reveal the confidential
informant after having been ordered to do so.
          As the background section shows, the trial court withdrew its ruling granting
appellant’s confidential-informant motion immediately after denying appellant’s
motion to dismiss the indictment. Appellant’s sole issue thus complains of a
superseded ruling. However, fairly considering the object of and argument
supporting appellant’s challenge, we construe appellant’s issue as also challenging
the denial of his confidential-informant motion.


 See Tex. R. App. P. 38.1(e) (“The
statement of an issue or point will be treated as covering every subsidiary question
that is fairly included.”); see also Stephenson v. LeBoeuf, 16 S.W.3d 829, 843-44
(Tex. App.—Houston [14th Dist.] 2000, pet. denied) (“‘The new ‘issues presented’
practice signals the intention of the Texas Supreme Court to have all appeals judged
on the merits of the controversies rather than hypertechnical waiver issues. Appellate
courts must now look to the argument to determine the nature of complaints,
including any subsidiary issues, rather than the points or issues alone. If the court is
able to ascertain the nature of the complaint from the argument, the issue will be
preserved for appellate review. Only in the rare instance of an indecipherable
argument should an issue be deemed waived by the court. . . .’”) (quoting 5 Tex. Jur.
3d Appellate Review § 429 (1999)); cf. Tex. R. App. P. 38.9 (“Because briefs are
meant to acquaint the court with the issues in a case and to present argument that will
enable the court to decide the case, substantial compliance with this rule is sufficient
. . . .”).
A.      The Law
          The defendant has the threshold burden to show that the informant’s identity
must be disclosed. Bodin v. State, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991). To
carry this burden, the defendant must present evidence, from any source, but cannot
rely on mere speculation or conjecture. Id. Because the defendant may not actually
know the nature of the informant’s testimony, the defendant need make only a
plausible showing of how the informant’s testimony may be important, i.e., how that
testimony could be necessary to a fair determination of guilt or innocence. Id.;
Anderson v. State, 817 S.W.2d 69, 72 (Tex. Crim. App. 1991); see Tex. R. Evid.
508(c)(2). The defendant must still show that the informant’s potential testimony
would significantly aid him. Bodin, 807 S.W.2d at 318. “Whenever it is shown that
an informant was an eyewitness to an alleged offense[,] then certainly that informant
can in fact give testimony ‘necessary to a fair determination of the issues of guilt,
innocence.’” Anderson, 817 S.W.2d at 72; accord Lopez v. State, 824 S.W.2d 298,
300 (Tex. App.—Houston [1st Dist.] 1992, no pet.), abrogated on other grounds by
Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996).
          Once the defendant makes a plausible showing “that an informer may be able
to give testimony necessary to a fair determination . . . on guilt or innocence in a
criminal case, and the public entity invokes the privilege, the court shall give the
public entity an opportunity to show in camera facts relevant to determining whether
the informer can, in fact, supply that testimony.” Tex. R. Evid. 508(c)(2); accord
Southwell v. State, 80 S.W.3d 647, 650 (Tex. App.—Houston [1st Dist.] 2002, no
pet.). We review the trial court’s ruling on a confidential-informant motion for abuse
of discretion. Southwell, 80 S.W.3d at 650.
B.      Discussion
          The trial court must have determined that appellant carried his initial burden
of showing that the informant’s testimony was potentially important to his sole
defense because the trial court held an in camera hearing. See Tex. R. Evid.
508(c)(2). That implicit determination would have been supported by the evidence
presented before the in camera hearing, particularly the testimony that an individual
who could have been an informant witnessed the transaction and was the only
person—given that appellant could not find Ramsey and the officers neither heard nor
saw the sale—who could possibly corroborate appellant’s entrapment defense. 
          There was not much relevant testimony elicited at the in camera hearing, but
what relevant testimony there was confirmed that a confidential informant existed,
that Ramsey contacted him about the transaction, and that the informant met with
appellant at the parking-lot buy. Also, appellant’s purchase of the cocaine, which he
claimed was due to the informant’s alleged entrapment, occurred very shortly before
appellant’s possession of and arrest for the same cocaine, to which the officers
testified. There were no significant intervening circumstances between these two
events. For these reasons, the in camera evidence showed that the informant, as an
eyewitness to the purchase, could potentially give testimony necessary to a fair
determination of appellant’s guilt or innocence, specifically, appellant’s entrapment
defense. See Tex. R. Evid. 508(c)(2); Anderson, 817 S.W.2d at 72 (holding
defendant met initial burden under rule 508(c)(2) because showed informant was
eyewitness to crime); cf. Bodin, 807 S.W.2d at 318-19 (holding trial court erred in not
holding in camera hearing when defendant showed that he needed to know, for
possible entrapment defense, whether informant was certain individual who had been
in appellant’s apartment on given day). Accordingly, we hold that the trial court
abused its discretion in overruling appellant’s confidential-informant motion.
C.      Harm
          We must still review for harm. See Anderson, 817 S.W.2d at 72 (reviewing for
harm under former harmless error standard after jury trial); Lopez, 824 S.W.2d at 300-01 (same). A constitutional error within the meaning of rule 44.2(a) is an error that
directly offends the United States or Texas constitution, without regard to any statute
or rule that might also apply. Shelton v. State, 41 S.W.3d 208, 218 (Tex.
App.—Austin 2001, pet. ref’d); Alford v. State, 22 S.W.3d 669, 673 (Tex. App.—Fort
Worth 2000, pet. ref’d); see Tex. R. App. P. 44.2(a). This error does not meet that
test. Accordingly, we apply the “other error” harmless-error standard for non-constitutional error. See Tex. R. App. P. 44.2(b); Beal v. State, 35 S.W.3d 677, 678
(Tex. App.—Houston [1st Dist.] 2000) (applying rule 44.2(b) to erroneous failure to
order disclosure of confidential informant’s identity), rev’d on other grounds, No.
0519-01 (Tex. Crim. App. Dec. 18, 2002) (designated for publication). Under that
standard, we disregard the error unless appellant’s substantial rights were affected. 
Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a
substantial and injurious effect or influence on the judgment. Cf. King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997) (applying this standard to jury verdict). We
look at all the evidence and totality of circumstances in determining harm. Id. 
          Appellant testified that he was enticed into purchasing the cocaine after having
first refused. None of the police officers involved participated in the pre-sale
negotiations or saw or overheard what appellant, Ramsey, or the driver discussed in
the car during the sale itself. Ramsey, the only other witness to the pre-sale
negotiations and the sale, could not be located. The trial court erroneously denied
appellant’s motion to disclose the confidential informant’s identity. That left only
appellant’s testimony concerning entrapment, with no possibility of corroboration. 
Appellant pled guilty immediately after the trial court’s ruling effectively foreclosed
any possibility of obtaining corroborating evidence on appellant’s sole defense. 
          The fact that the evidence on appellant’s motion showed that he fled after the
sale and abandoned the cocaine in the officers’ clear view—that is, that he clearly
possessed the cocaine—does not render harmless error relating to his entrapment
defense, which depended on facts leading up to and including the sale, not facts (such
as flight or abandonment) occurring after the sale.


 Nor does appellant’s stipulating
to possessing the cocaine with intent to deliver render harmless the trial court’s earlier
error: entrapment is the type of defense that assumes that the charged conduct was
committed, but prevents prosecution nonetheless. See Tex. Penal Code Ann. §
8.06(a) (“It is a defense to prosecution that the actor engaged in the conduct charged
because he was induced to do so by a law enforcement agent using persuasion or
other means likely to cause persons to commit the offense.”); Norman v. State, 588
S.W.2d 340, 345 (Tex. Crim. App. 1979) (stating entrapment defense assumes that
offense was committed), limited on other grounds, Reese v. State, 877 S.W.2d 328
(Tex. Crim. App. 1994). Moreover, our focus in determining harm is on whether the
error had a substantial and injurious effect on appellant’s decision to plead guilty in
the first place. 
          Accordingly, we hold that the error affected appellant’s substantial rights. See
Tex. R. App. P. 44.2(b).
          We sustain appellant’s sole issue.
 
 
Conclusion
          We reverse the judgment of the trial court and remand the cause for the trial
court to conduct proceedings consistent with rule 508(c)(2). See Tex. R. Evid.
508(c)(2) (“If the court finds that there is a reasonable probability that the informer
can give the testimony, and the public entity elects not to disclose the informer’s
identity, the court . . . in a criminal case shall, on motion of the defendant, and may,
on the court’s own motion, dismiss the charges as to which the testimony would
relate.”).
 

                                                             Tim Taft
                                                             Justice
 
Panel consists of Justice Taft, Alcala, and Price.



Publish. Tex. R. App. P. 47.2(b).