COURT OF APPEALS

                                                  SECOND
DISTRICT OF TEXAS

                                                                 FORT WORTH

 

 

                                        NO.
2-03-136-CR

 

 

JANE ETTA HARRIS                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT
 COUNTY

 

                                              ------------

 

                     MEMORANDUM OPINION[1]
ON REMAND

 

                                              ------------








A jury found Appellant Jane Etta
Harris guilty of possession of a controlled substance and assessed her
punishment at ten years= imprisonment.  The trial court sentenced her
accordingly.  In three points, Appellant
challenges (1) the trial court=s denial
of her motion to suppress based on an invalid search warrant, (2) the trial
court=s
refusal to conduct an in camera hearing related to a confidential informant,
and (3) the trial court=s denial of Appellant=s
requested article 38.23 jury instruction. 


On original submission, this court held that the
affidavit supporting the search warrant, exclusive of the statements that were
untrue or made with reckless disregard for the truth, was insufficient to
provide probable cause, sustained Appellant=s first
point, reversed the trial court=s
judgment, and remanded the case for trial without the illegally seized
evidence.[2]  The Texas Court of Criminal Appeals reversed
this court, holding that Appellant failed to preserve Franks[3]
error, and remanded the case back to this court for consideration of Appellant=s
remaining points.[4]  Because we hold that the trial court did not
err by refusing to conduct an in camera hearing or by refusing to give the jury
an article 38.23 instruction, we affirm the trial court=s
judgment.

Background Facts








In June 2001, the Fort Worth Police Department
received a Tarrant County Crime Stoppers tip that drugs were being sold out of
Apartment No. 158 at 5308 East Rosedale in Fort Worth. 
The investigating police officer assigned to investigate the complaint
said that he observed traffic which he described as consistent with narcotics
dealing coming from the general area of the apartment.  He then arranged for a confidential informant
to attempt a narcotics purchase from the apartment.  After the officer used the confidential
informant to conduct an undercover buy, he obtained a search warrant for the
apartment.  The police executed the
search warrant and recovered over four grams of cocaine.

In a two-count indictment, Appellant was charged
with possession of cocaine with intent to deliver and possession of
cocaine.  Prior to trial, Appellant filed
a motion to disclose the identity of the confidential informant. After a
hearing, the trial court denied the motion.

In Camera Hearing 








In Appellant=s second point,
she contends that the trial court erred by refusing to conduct an in camera
hearing to determine whether the State could invoke its privilege to protect
the informant=s identity.  Generally, the State has a privilege to
refuse to disclose the identity of an informant who has furnished information
to a law enforcement officer conducting an investigation.[5]  The privilege does not apply (1) if the
informant=s identity has been voluntarily disclosed,
(2) if the informant may be able to give testimony necessary to a fair
determination of guilt or innocence, or (3) if the court is not satisfied that
information was obtained from an informant reasonably believed to be reliable.[6]
Appellant relies on the second exception, which provides in pertinent part: 

(2)  Testimony on merits.  If it appears from the evidence in the case
or from other showing by a party that an informer may be able to give testimony
necessary to a fair determination of . . . guilt or innocence in a
criminal case, and the public entity invokes the privilege, the court shall
give the public entity an opportunity to show in camera facts relevant to
determining whether the informer can, in fact, supply that testimony.[7]

 








The defendant bears the initial burden of showing that the
informant may be able to give testimony necessary to a fair determination of
the defendant=s guilt or innocence.[8]  This initial burden has been described as a Aplausible showing.@[9]  AEvidence from any
source, but not mere conjecture or speculation, must be presented to make the
required showing that the informant=s identity must be
disclosed.@[10]  If the defendant meets the burden of making
the preliminary showing, then the trial court is required to hold an in camera
hearing.[11]  When an informant is present at the time of
an illegal transaction or participated in its commission, the informant is a
material witness to that transaction and must be identified.[12]








In the case before us, however, the illegal act witnessed
by the informant is not the same illegal act with which Appellant is
charged.  Rather, the informant=s information was
used to show probable cause that Appellant possessed cocaine for the issuance
of the search warrant.  Thus, the
informant is not a material witness to the evidence upon which the State relied
for a convictionCthe events and evidence seized during the
execution of the search warrant. 
Instead, the informant merely supplied information that was used to
establish probable cause necessary for the issuance of a search warrant.  Appellant points to no evidence that the
informant was present during the execution of the warrant and the arrest or
that the informant had any information relevant to Appellant=s guilt or
innocence.  Thus, Appellant did not
satisfy her initial burden to show that the informant was able to give
testimony necessary to a fair determination of her guilt or innocence and did
not trigger the procedural requirements of rule 508(c)(2).  We overrule Appellant=s second point. 

Jury Instruction

In Appellant=s third point, she
argues that the trial court erred by denying her request for an article 38.23
jury instruction.  Under article 38.23 of
the code of criminal procedure, no evidence obtained in violation of the federal
or state constitutions or laws may be admitted; and when the legal evidence
raises an issue regarding a violation, the jury must be instructed that if it
believes, or has a reasonable doubt, that the evidence was obtained in
violation of the law, it must disregard the illegally obtained evidence.[13]  A trial court is required to include a
properly worded article 38.23 instruction in the jury charge only if there is a
factual dispute as to how the evidence was obtained.[14]  An appellant=s disagreement Awith the conclusion
that probable cause was shown as a matter of law is not the same as appellant
controverting the facts.@[15]








 Here, the disputes
Appellant discussesCthe contradictions between the
investigating officer=s testimony and his affidavit regarding
whether the informant actually entered Apartment No. 158 and regarding what the
officer actually observedCgo to the veracity of the allegations in
the probable cause affidavit. AWhether the
affidavit contained sufficient facts for a neutral and detached magistrate to
conclude there was probable cause is a legal question; any dispute regarding
the facts contained in the affidavit was for the trial court to [resolve] under
the appropriate standard of review.@[16]  The trial court was therefore not required to
include an article 38.23 instruction in the jury charge.[17]  We overrule Appellant=s third
point.  

Conclusion

Having overruled all of Appellant=s points on
appeal, we affirm the trial court=s judgment. 

 

LEE ANN
DAUPHINOT

JUSTICE

PANEL B:    DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

 

DELIVERED:
June 26, 2008

 











[1]See Tex. R. App. P. 47.4.





[2]Harris v. State, 184 S.W.3d 801, 813
(Tex. App.CFort Worth 2006), rev=d, 227 S.W.3d 83, 86 (Tex.
Crim. App. 2007).





[3]Franks v. Delaware, 438 U.S.
154, 98 S. Ct. 2674 (1978).





[4]Harris v. State, 227 S.W.3d 83, 86 (Tex. Crim. App. 2007).





[5]See Tex.
R. Evid. 508(a).  





[6]Tex.
R. Evid.
508(c); Bodin v. State, 807 S.W.2d 313, 317 (Tex. Crim. App. 1991).





[7]Tex. R.
Evid. 508(c)(2). 





[8]Bodin, 807 S.W.2d at 318.





[9]Id.  





[10]Id. 






[11]Id. 





[12]See Anderson v. State, 817 S.W.2d 69, 72 (Tex. Crim.
App. 1991).  





[13]Tex. Code
Crim. Proc. Ann. art. 38.23(a) (Vernon 2005).





[14]Garza v. State, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004).





[15]Id. at
86.





[16]Heimsath v. State, No. 05-06-00310-CR, 2007 WL
659970, at *3 (Tex.
App.CDallas Mar. 6, 2007, no pet.) (not
designated for publication).





[17]See id.