

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

### NO. 2-03-136-CR

---

JANE ETTA HARRIS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

-----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

-----------

## MEMORANDUM OPINION[1] ON REMAND

-----------

A jury found Appellant Jane Etta Harris guilty of possession of a controlled substance and assessed her punishment at ten years' imprisonment. The trial court sentenced her accordingly. In three points, Appellant challenges (1) the trial court's denial of her motion to suppress based on an invalid search warrant, (2) the trial court's refusal to conduct an in camera hearing related to

---

[1] See TEX. R. APP. P. 47.4.

a confidential informant, and (3) the trial court's denial of Appellant's requested article 38.23 jury instruction.

On original submission, this court held that the affidavit supporting the search warrant, exclusive of the statements that were untrue or made with reckless disregard for the truth, was insufficient to provide probable cause, sustained Appellant's first point, reversed the trial court's judgment, and remanded the case for trial without the illegally seized evidence.[2] The Texas Court of Criminal Appeals reversed this court, holding that Appellant failed to preserve *Franks*[3] error, and remanded the case back to this court for consideration of Appellant's remaining points.[4] Because we hold that the trial court did not err by refusing to conduct an in camera hearing or by refusing to give the jury an article 38.23 instruction, we affirm the trial court's judgment.

### BACKGROUND FACTS

In June 2001, the Fort Worth Police Department received a Tarrant County Crime Stoppers tip that drugs were being sold out of Apartment No. 158 at 5308 East Rosedale in Fort Worth. The investigating police officer

---

[2] *Harris v. State*, 184 S.W.3d 801, 813 (Tex. App.—Fort Worth 2006), *rev'd*, 227 S.W.3d 83, 86 (Tex. Crim. App. 2007).

[3] *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674 (1978).

[4] *Harris v. State*, 227 S.W.3d 83, 86 (Tex. Crim. App. 2007).

2

assigned to investigate the complaint said that he observed traffic which he described as consistent with narcotics dealing coming from the general area of the apartment. He then arranged for a confidential informant to attempt a narcotics purchase from the apartment. After the officer used the confidential informant to conduct an undercover buy, he obtained a search warrant for the apartment. The police executed the search warrant and recovered over four grams of cocaine.

In a two-count indictment, Appellant was charged with possession of cocaine with intent to deliver and possession of cocaine. Prior to trial, Appellant filed a motion to disclose the identity of the confidential informant. After a hearing, the trial court denied the motion.

### IN CAMERA HEARING

In Appellant's second point, she contends that the trial court erred by refusing to conduct an in camera hearing to determine whether the State could invoke its privilege to protect the informant's identity. Generally, the State has a privilege to refuse to disclose the identity of an informant who has furnished information to a law enforcement officer conducting an investigation.[5] The privilege does not apply (1) if the informant's identity has been voluntarily

---

[5] *See* TEX. R. EVID. 508(a).

3

disclosed, (2) if the informant may be able to give testimony necessary to a fair determination of guilt or innocence, or (3) if the court is not satisfied that information was obtained from an informant reasonably believed to be reliable.[6] Appellant relies on the second exception, which provides in pertinent part:

> (2) *Testimony on merits*. If it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of . . . guilt or innocence in a criminal case, and the public entity invokes the privilege, the court shall give the public entity an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony.[7]

The defendant bears the initial burden of showing that the informant may be able to give testimony necessary to a fair determination of the defendant's guilt or innocence.[8] This initial burden has been described as a "plausible showing."[9] "Evidence from any source, but not mere conjecture or speculation, must be presented to make the required showing that the informant's identity must be disclosed."[10] If the defendant meets the burden of making the

---

[6] TEX. R. EVID. 508(c); *Bodin v. State*, 807 S.W.2d 313, 317 (Tex. Crim. App. 1991).

[7] TEX. R. EVID. 508(c)(2).

[8] *Bodin,* 807 S.W.2d at 318.

[9] *Id.*

[10] *Id*.

4

preliminary showing, then the trial court is required to hold an in camera hearing.[11] When an informant is present at the time of an illegal transaction or participated in its commission, the informant is a material witness to that transaction and must be identified.[12]

In the case before us, however, the illegal act witnessed by the informant is not the same illegal act with which Appellant is charged. Rather, the informant's information was used to show probable cause that Appellant possessed cocaine for the issuance of the search warrant. Thus, the informant is not a material witness to the evidence upon which the State relied for a conviction—the events and evidence seized during the execution of the search warrant. Instead, the informant merely supplied information that was used to establish probable cause necessary for the issuance of a search warrant. Appellant points to no evidence that the informant was present during the execution of the warrant and the arrest or that the informant had any information relevant to Appellant's guilt or innocence. Thus, Appellant did not satisfy her initial burden to show that the informant was able to give testimony necessary to a fair determination of her guilt or innocence and did not trigger

---

[11] *Id*.

[12] *See Anderson v. State*, 817 S.W.2d 69, 72 (Tex. Crim. App. 1991).

the procedural requirements of rule 508(c)(2).  We overrule Appellant's second point.

## JURY INSTRUCTION

In Appellant's third point, she argues that the trial court erred by denying her request for an article 38.23 jury instruction.  Under article 38.23 of the code of criminal procedure, no evidence obtained in violation of the federal or state constitutions or laws may be admitted; and when the legal evidence raises an issue regarding a violation, the jury must be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the law, it must disregard the illegally obtained evidence.[13]  A trial court is required to include a properly worded article 38.23 instruction in the jury charge only if there is a factual dispute as to how the evidence was obtained.[14]  An appellant's disagreement "with the conclusion that probable cause was shown as a matter of law is not the same as appellant controverting the facts."[15]

Here, the disputes Appellant discusses — the contradictions between the investigating officer's testimony and his affidavit regarding whether the informant actually entered Apartment No. 158 and regarding what the officer

---

[13] TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005).

[14] *Garza v. State*, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004).

[15] *Id.* at 86.

actually observed—go to the veracity of the allegations in the probable cause affidavit. "Whether the affidavit contained sufficient facts for a neutral and detached magistrate to conclude there was probable cause is a legal question; any dispute regarding the facts contained in the affidavit was for the trial court to [resolve] under the appropriate standard of review."[16] The trial court was therefore not required to include an article 38.23 instruction in the jury charge.[17] We overrule Appellant's third point.

## CONCLUSION

Having overruled all of Appellant's points on appeal, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL B:   DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: June 26, 2008

---

[16] *Heimsath v. State*, No. 05-06-00310-CR, 2007 WL 659970, at *3 (Tex. App.—Dallas Mar. 6, 2007, no pet.) (not designated for publication).

[17] *See id.*