Marlon D. **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–00–00646–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 17, 2001.

---

**23.** *See* Tex.R. Civ. P. 166a(i).

**24.** 960 S.W.2d 656, 658 (Tex.1998).

**25.** *Id.*

**26.** *See McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993).

Catherine L. Baen, Houston, for appellant.

Rikke Burke Graber, Asst. Dist. Atty., Houston, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, Justice and SARAH B. DUNCAN, Justice.

Opinion by PHIL HARDBERGER, Chief Justice.

Marlon D. Williams ("Williams") appeals his conviction for murder. In his sole point of error, Williams contends that the trial court erred in refusing to order the State to disclose the identity of a confidential informant. We affirm the trial court's judgment.

### FACTS AND PROCEDURAL HISTORY

While investigating the murder of Tristan Thompson ("Thompson"), Houston police received a tip from a confidential informant. The informant named Williams and another individual as possible suspects in the case. Police ultimately charged Williams with Thompson's murder. Williams filed a pre-trial motion urging the trial court to order the State to disclose the identity of the confidential informant pursuant to Rule 508(c) of the Texas Rules of Evidence. The trial court held a hearing on the motion and conducted an in camera inspection with the police officers involved in the murder investigation. Based upon the in camera inspection and the testimony given at the hearing, the trial court denied Williams' motion.

### DISCUSSION

In his sole issue on appeal, Williams argues that the trial court erred in refusing to order the State to disclose the identity of the confidential informant. Williams asserts that the informant had enough knowledge about the murder to identify two possible suspects. Therefore, Williams argues, the informant must have knowledge critical to a fair determination of guilt.

Under the Texas Rules of Evidence, the State "has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of law to a law enforcement officer." Tex.R. Evid. 508(a). The State's privilege, however, is not absolute. Three exceptions exist, only one of which is relevant in the present case. If the evidence shows that the informant may be able to give testimony essential to a fair determination of the guilt or innocence of the accused, the privilege does not apply. Tex.R. Evid. 508(c)(2). The trial court must review the State's evidence in camera to determine whether the informant can, in fact, give such testimony. *Id.*

In order to establish that the informant's testimony may be necessary for a fair determination of guilt or innocence, "[t]he defendant has the threshold burden of demonstrating that identity must be disclosed." *Bodin v. State*, 807 S.W.2d 313, 318 (Tex.Crim.App.1991) (en banc). "The informer's potential testimony must significantly aid the defendant and mere conjecture or supposition about possible relevancy is insufficient." *Id.* The defendant does not meet his threshold burden merely by filing a Rule 508 motion. *Id.*

At the pretrial motion hearing, the officers involved with the investigation each testified that the informant only gave the names of two possible suspects and where they could be located. The officer in charge of the investigation testified that he had no knowledge of whether the informant could give testimony regarding the guilt or innocence of the suspects. The trial court's in camera inspection with the four officers failed to reveal any facts to the contrary. Williams showed nothing more than speculation as to whether the confidential informant's testimony could significantly aid the defense. *See id.* As a

result, Williams failed to meet his burden of proving that the identity of the confidential informant must be disclosed. *See id.* The trial court did not err in refusing to order the State to disclose the identity of the confidential informant.

### CONCLUSION

The judgment of the trial court is affirmed.