

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00058-CR

Cynthia Torres **LEAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Frio County, Texas
Trial Court No. 12-08-00087-CRF
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice
               Jason Pulliam, Justice

Delivered and Filed:  June 15, 2016

AFFIRMED

Cynthia Torres Leal appeals her conviction for possession of a controlled substance with intent to deliver, challenging the trial court's denial of her motion to disclose the identity of a confidential informant. We affirm the trial court's judgment.

### BACKGROUND

On August 18, 2011, Officer Pedro Salinas with the Pearsall Police Department received information from a confidential informant that Leal was selling cocaine out of her home. The informant had proven to be credible in the past. Based on that tip, Officer Salinas conducted

surveillance on Leal's home. During the span of four hours, Officer Salinas observed several individuals enter the home and leave two to three minutes later. In his experience, Officer Salinas suspected that five drug transactions took place at Leal's home. That same day, Officer Salinas orchestrated a controlled buy during which the informant purchased cocaine at Leal's residence. Based on the informant's controlled buy and his own observation of the suspected drug transactions, Officer Salinas applied for a search warrant on August 19, 2011, which was issued and executed that day. In Leal's home, the officers found illegal narcotics secured in a bag with smaller baggies that are associated with the sale of drugs.

Leal was indicted for possessing more than four grams but less than 200 grams of cocaine with intent to deliver. She filed a pre-trial motion requesting disclosure of the identity of the confidential informant. The trial court held a hearing on the motion and heard testimony from Leal, her husband, and Officer Salinas. Leal testified that the drugs found in her home belonged to her sister. At the conclusion of the hearing, the trial court denied Leal's motion. Leal subsequently pled no contest. Leal's plea was accepted and she was convicted and sentenced to twenty years in prison.

## ANALYSIS

In her sole issue on appeal, Leal contends the trial court erred in refusing to order the State to disclose the confidential informant's identity because the informant could have given testimony relevant to her guilt or innocence. We review a trial court's denial of a motion to disclose the identity of a confidential informant for an abuse of discretion. *Portillo v. State*, 117 S.W.3d 924, 928 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Thus, we will reverse the trial court's judgment only if the trial court's decision was so clearly wrong as to be outside the zone within which reasonable persons might disagree. *Id.*

The Texas Rules of Evidence give the State the privilege to refuse to disclose the identity of a person who has furnished to a law enforcement officer information relating to or assisting in an investigation of a possible violation of law. TEX. R. EVID. 508(a); *Williams v. State*, 62 S.W.3d 800, 802 (Tex. App.—San Antonio 2001, no pet.). The privilege is not absolute, and the rule provides several exceptions. TEX. R. EVID. 508(c). On appeal, Leal argues the exception set forth in Rule 508(c)(2) applies. That exception provides that the privilege does not apply "if the [trial] court finds a reasonable probability exists that the informer can give testimony necessary to a fair determination of guilt or innocence." *Id.* R. 508(c)(2)(A). In seeking disclosure of an informant's identity under that exception, the defendant bears the threshold burden of establishing a reasonable probability that the informant's testimony would be necessary to a fair determination of guilt or innocence. *Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991); *Portillo*, 117 S.W.3d at 928. To meet this burden, the defendant must show the informant's testimony would significantly aid her defense; mere conjecture or speculation is insufficient, as is merely filing a motion for disclosure. *Bodin*, 807 S.W.2d at 318 (defendant is only required to make a plausible showing of how the informant's information may be important). If the defendant meets this initial burden, the State is given the opportunity to show, *in camera*, facts relevant to whether the informant can supply the alleged necessary testimony. *See* TEX. R. EVID. 508(c)(2)(C); *see also Long v. State*, 137 S.W.3d 726, 732 (Tex. App.—Waco 2004, pet. ref'd).

At the hearing on Leal's motion for disclosure, Officer Salinas testified that the confidential informant was not at Leal's home when the search warrant was executed and did not participate in the offense for which Leal was charged. The informant's information was only used to establish probable cause for the search warrant and Leal was charged with possessing the narcotics seized when the warrant was executed. "[W]hen the informant's information is used only to establish probable cause for a search warrant and the informant was neither a participant in the offense for

which the defendant is charged, nor present when the search warrant was executed, the identity of the informant need not be disclosed because [the informant's] testimony is not essential to a fair determination of guilt." *Ford v. State*, 179 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd); *Washington v. State*, 902 S.W.2d 649, 657 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd). Leal failed to meet her threshold burden to show the informant's testimony would have significantly aided her defense against the charged offense. Therefore, the trial court did not abuse its discretion in denying the motion.

Based on the foregoing reasons, we overrule Leal's issue on appeal and affirm the trial court's judgment.

Rebeca C. Martinez, Justice

DO NOT PUBLISH