

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0075-19

**THE STATE OF TEXAS**

**v.**

**REYNALDO LERMA, Appellee**

## ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE THIRD COURT OF APPEALS
## HAYS COUNTY

KELLER, P.J., filed a dissenting opinion in which YEARY and MCCLURE, JJ., joined.

## O P I N I O N

In this capital murder prosecution, the trial court ordered the State to disclose the identity of

a confidential informant (CI) from a previous drug buy. The State did not disclose the identity, so the

trial court dismissed the capital murder charge. The Court holds that this was not an abuse of

discretion, but I disagree.

The State has a privilege to refuse to disclose the identity of a CI, but the privilege does not

apply in certain circumstances. Rule 508(c)(2)(A) provides:

> In a criminal case, this privilege does not apply if the court finds a reasonable probability exists that the informer can give testimony necessary to a fair determination of guilt or innocence.[1]

If the State refuses to disclose the identity, the trial court must, upon motion by the defense, dismiss the charges to which the testimony would relate.[2] Here, the State refused to disclose the identity of a CI, but, for four reasons, the trial court nevertheless erred in dismissing the capital murder charge.

First, the defensive theory appears to include an allegation that Espino, the murder victim in this case, was a CI in the prior drug buy, and he was killed by his fellow drug dealer, Alejandro, for that reason rather than because of anything Appellant did. But Espino is *dead*. Even if the defensive theory is correct, Espino cannot "give testimony" about anything. The exception to the privilege therefore does not apply if Espino was the CI, and the State would have no obligation to disclose his identity to the defense.

Second, the defensive theory seems to include an allegation that there was another CI in addition to Espino, who bought drugs from Espino and then revealed Espino's duplicity to Alejandro. It seems unlikely that law enforcement would set up a buy between a CI buyer and a CI seller, but even if that was what happened, the drug buyer was not a CI in this capital murder case. If a drug prosecution had resulted from the drug buy the CI was involved in, and the defense had sought the identity of the CI in that case, there might be a basis to require disclosure. But the current prosecution is for capital murder, and there is no allegation that anyone was a CI in this case. It seems to me that the exception in Rule 508 ("can give testimony necessary to a fair determination of guilt or

---

[1] Tex. R. Evid. 508(c)(2)(A).

[2] R. 508(c)(2)(A)(I).

innocence") contemplates a situation where the informer can give testimony about the case in which he was a CI, and applies only when his testimony could shed light on *that* case. Because the CI whose identity was sought was the CI in a drug case, there was no requirement that the State disclose his identity in this capital murder case.

Third, in order for the defensive theory to work, the drug buyer and the drug seller (Espino) would both have to be CIs during the same drug buy, the buyer CI would have to know Alejandro and would have had to snitch to him about Espino being a CI, and Alejandro would have had to kill Espino for that reason and use Appellant's fortuitous attempted robbery of him and Espino as a cover for the murder. This theory is too speculative to support the trial court's order to disclose the CI's identity. It is true that a defendant need only make "a plausible showing of how the informer's information may be important."[3] But "mere conjecture or speculation" is insufficient to satisfy the defendant's burden.[4]

There is no evidence in the record to support Appellant's proposed connection between the CI drug buyer and the capital murder. There is no evidence that the CI drug buyer was present during the capital murder, that he had ever interacted with any of the people involved besides the one-time controlled buy from Espino three months prior to the capital murder, or that he had any connection with the alleged capital murder.[5] Appellant's defensive theory is "mere conjecture or supposition about possible relevancy" and does not support the trial court's order.[6]

---

[3] *Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991).

[4] *Id.*

[5] *Anderson v. State*, 817 S.W.2d 69, 72 (Tex. Crim. App. 1991).

[6] *See Bodin*, 807 S.W.2d at 318.

And fourth, if the State has exculpatory information about this capital murder related to a CI, the State already has an obligation to disclose it to the defense, without resort to Rule 508(c)(2)(A):

> Notwithstanding any other provision of this article, the state shall disclose to the defendant any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged.[7]

I agree with the court of appeals that the trial court abused its discretion in granting Appellant's motion to dismiss. I respectfully dissent.

Filed: November 24, 2021

Publish

---

[7] TEX. CODE CRIM. PROC. art. 39.14(h), *see also Brady v. Maryland*, 373 U.S. 83 (1963).