

# IN THE
# TENTH COURT OF APPEALS

**No. 10-21-00259-CR**
**No. 10-21-00260-CR**
**No. 10-21-00261-CR**

**DONALD E. MIMS,**

                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                **Appellee**

**From the 85th District Court**
**Brazos County, Texas**
**Trial Court Nos. 16-02211-CRF-85, 19-00799-CRF-85,**
**19-00800-CRF-85**

## MEMORANDUM OPINION

Donald Mims was charged with possession with intent to deliver cocaine and methamphetamine. After the trial court denied his motion to disclose the identity of the informant, Mims pleaded guilty to the indicted offenses and pleaded true to the

enhancement paragraph. In Cause No. 10-21-00259-CR, Mims pleaded guilty to two counts of possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. §481.112 (e) (West). The trial court convicted Mims on both counts and assessed his punishment in Count 1 at 45 years confinement and a $25,000 fine, in Count 2 at 45 years confinement. In both Cause Nos. 10-21-00260-CR and 10-21-00261-CR, Mims pleaded guilty to the offense of possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. §481.112 (d) (West). The trial court convicted Mims in both cause numbers and assessed punishment at 45 years confinement in each cause number. We affirm.

## BACKGROUND FACTS

In 2012, Sergeant Andy Murph, with the College Station Police Department, began investigating Mims as a possible drug dealer. Sergeant Murph worked with a confidential informant at that time and witnessed the confidential informant make a transaction with Mims. The investigation was suspended when Mims went to jail on an offense not related to the investigation. In July of 2015, Sergeant Murph again began investigating Mims as a possible drug dealer. Segreant Murph worked with another confidential informant and observed transactions with Mims and the confidential informant. Based upon information from the second confidential informant, Sergeant Murph obtained a tracking device for Mims's vehicles. Sergeant Murph also began conducting surveillance on Mims. During his surveillance, Sergeant Murph observed that Mims frequented a storage unit, and he was able to put up cameras at the storage unit. Sergeant Murph obtained a search warrant on October 20, 2015 for the storage unit.

Sergeant Murph and other officers executed the search warrant and recovered large amounts of cocaine and other controlled substances.

## DISCLOSURE OF CONFIDENTIAL INFORMANTS

In the first issue, Mims argues that the trial court abused its discretion in denying his Motion for Disclosure and Discovery of Confidential Informants. On November 30, 2016, Mims filed a Motion for Disclosure of Confidential Informants, Operatives, and Cooperating Individuals in Cause No. 10-21-00359-CR, Trial Court No. 16-002211-CRF-85. Mims did not file the motion in Cause Nos. 10-21-00360 and 10-21-00361-CR, Trial Court Nos. 19-00799-CRF-85 and 19-00800-CRF-85. The trial court held a hearing on the motion on July 12, 2021, and only called Trial Court No. 16-002211-CRF-85. Therefore, it appears that the Motion for Disclosure and Discovery of Confidential Informants was not before the trial court in Cause Nos. 10-21-00360-CR and 10-21-00361-CR.

Generally, the State has a privilege to refuse to disclose the identity of a confidential informant who has furnished information to a law enforcement officer conducting an investigation. *See* TEX. R. EVID. 508(a); *Long v. State*, 137 S.W.3d 726, 732 (Tex. App. — Waco 2014, pet. ref'd). There are three exceptions to this privilege which may require the State to disclose the identity of the confidential informant. *See* TEX. R. EVID. 508(c)(1)-(3). Mims relies on the second exception, which provides in pertinent part:

> (2) Testimony About the Merits
> (A)Criminal Case. In a criminal case, this privilege does not apply if the court finds a reasonable probability exists that the informer can give testimony necessary to a fair determination of guilt or innocence.
> …
> (C)Procedures.

> (i) If it appears that an informer may be able to give the testimony required to invoke this exception and the public entity claims the privilege, the court must give the public entity an opportunity to show in camera facts relevant to determining whether this exception is met.

TEX. R. EVID. 508(c)(2).

The defendant bears the initial burden of showing that the confidential informant may be able to give testimony necessary to a fair determination of the defendant's guilt or innocence. *Long v. State*, 137 S.W.3d at 732. This initial burden has been described as a "plausible showing." *Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991); *Long v. State*, 137 S.W.3d at 732. "Evidence from any source, but not mere conjecture or speculation must be presented to make the required showing that the CI's identity must be disclosed." *Bodin v. State*, 807 S.W.2d at 318; *Long v. State*, 137 S.W.3d at 732. If the defendant meets the burden of making the preliminary showing, then the trial court is required to hold an in-camera hearing. *Long v. State*, 137 S.W.3d at 732. The in-camera hearing provides the State the opportunity to show facts that rebut the defendant's preliminary showing. *Id*.

Sergeant Murph worked with the first confidential informant in 2012. That investigation was suspended went Mims went to jail on another offense. The second confidential informant began working with Sergeant Murph in July 2015 and made controlled buys at that time. Sergeant Murph obtained a search warrant for the storage building on October 20, 2015.

Sergeant Murph executed the search warrant on October 22, 2015, and neither confidential informant was present when the search warrant was executed. The officers

seized cocaine, methamphetamine, a digital scale, packaging material, cellular phones, and currency. Mims was indicted for possession of a controlled substance. Mims was not charged with any offense related to the controlled buys from the confidential informants. Neither confidential informant was a material witness to the events upon which the State relied for a conviction.

The confidential informants only supplied information which established probable cause necessary for the issuance of the search warrant. He or she did not supply the information upon which the State relied for a conviction on possession with intent to deliver a controlled substance. *Long v. State*, 137 S.W.3d at 733. Thus, the testimony elicited at the hearing does not satisfy Mims's initial burden to show that the confidential informant may be able to give testimony necessary to a fair determination of his guilt or innocence on possession with intent to deliver a controlled substance and does not trigger the procedural requirements of Rule 508(c)(2). *Id*. The trial court did not err in denying the Motion for Disclosure and Discovery of Confidential Informants We overrule the first issue.

In the second issue, Mims argues that the denial of his Motion for Disclosure and Discovery of Confidential Informants violated his right to effective representation and a fair trial. Mims notes that he is not raising an ineffective of assistance of counsel claim, but rather that the erroneous ruling denied him his right to effective counsel, procedural due process, and the rights to a fair trial protected by the United States and Texas Constitutions. Because we have found in issue one that the trial court did not err in denying the motion, we need not address the second issue. TEX. R. APP. 47.1.

In the third issue, Mims argues that the State violated Article 39.14 of the Texas Code of Criminal Procedure and *Brady*[1] by not disclosing the confidential informant. As previously discussed, Mims filed a Motion for Disclosure of Confidential Informants, Operatives, and Cooperating Individuals in Cause No. 10-21-00359-CR, and the trial court held a hearing on the motion. Mims did not make any objection pursuant to Article 39.14 or *Brady*, and that argument was never brought before the trial court. Mims has not preserved his complaint for appellate review. TEX. R. APP. P. 33.1 (a).

Moreover, the record does not show that the State violated Article 39.14 or *Brady*. Article 39.14 states:

> (a) Subject to the restrictions provided by Section 264.408, Family Code, and Article 39.15 of this code, as soon as practicable after receiving a timely request from the defendant the state shall produce and permit the inspection and the electronic duplication, copying, and photographing, by or on behalf of the defendant, of any offense reports, any designated documents, papers, written or recorded statements of the defendant or a witness, including witness statements of law enforcement officers but not including the work product of counsel for the state in the case and their investigators and their notes or report, or any designated books, accounts, letters, photographs, or objects or other tangible things not otherwise privileged that constitute or contain evidence **material to any matter involved in the action** and that are in the possession, custody, or control of the state or any person under contract with the state. The state may provide to the defendant electronic duplicates of any documents or other information described by this article. The rights granted to the defendant under this article do not extend to written communications between the state and an agent, representative, or employee of the state. This article does not authorize the removal of the documents, items, or information from the possession of the state, and any inspection shall be in the presence of a representative of the state. (emphasis added)

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

TEX. CODE CRIM. PROC. ANN. art. 39.14 (a) (West).  As previously discussed, the confidential informants were not present when the search warrant was executed, they were not witnesses to the charged offense, and Mims was not charged with any offense in relation to the controlled buys.  The evidence was not exculpatory or impeaching.  TEX. CODE CRIM. PROC. ANN. art. 39.14 (h) (West).  The record does not support a finding that the State violated Article 39.14 or *Brady*.  We overrule the third issue.

**CONCLUSION**

We affirm the trial courts judgments.


STEVE SMITH
Justice


Before Chief Justice Gray,
       Justice Johnson, and
       Justice Smith
Affirmed
Opinion delivered and filed August 24, 2022
Do not publish
[CRPM]

